**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PAMELA OLSON,

        Plaintiff,

v.                                                                                            CIVIL ACTION

A T & T CORPORATION,
et al.,                                                                                    No: 08-2126-CM-GLR

        Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court are *pro se* Plaintiff's Motions For Sanctions or Other Relief by the Court (docs. 43 and 48). In her first motion, filed June 23, 2008, Plaintiff seeks sanctions against the attorney for defendant Bernard Van De Velde and the Veronica Gaignat Estate. These two Defendants oppose the motion for failure to describe any specific conduct that would warrant sanctions. They also ask the Court to award them attorney's fees for responding to the motion. On July 3, 2008, Plaintiff filed another paper (doc. 48), similarly titled as a motion for sanctions. It appears to be nothing more, however, than a reply to Defendants' response to her earlier motion.

The Court construes these requests for sanctions, pursuant to Fed. R. Civ. P. 11. The rule serves to curb abuses in pleading and in representations to the Court and to deter repetition of sanctionable conduct. By presenting a document to the court, the attorney or *pro se* party represents that the matters in the document are not improper and are likely to be supported by evidence.

Rule 11(c) provides for the imposition of sanctions on an attorney, law firm, or party for violating it. Subsection 11(c)(2) sets forth certain procedural requirements for a party seeking sanctions. The moving party must submit the motion for sanctions separately from other motions

or requests and "describe the specific conduct that allegedly violates Rule 11(b)."[1] This rule also contains a 21-day safe harbor period of time for the offending party to withdraw the challenged document or conduct.[2] If the offending party does not withdraw the challenged document or conduct after 21 days, the moving party may file its motion for sanctions with the court. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory.[3] The Rule also provides that the court, if warranted, may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.[4]

Defendants argue that Plaintiff did not describe any specific conduct that violates Rule 11(b) or provide them with a safe harbor of time within which to correct the allegedly wrongful behavior. They ask the Court to deny the motion for her failure to comply with Rule 11. They further request the Court to award their reasonable expenses in responding to the motion.

The Court finds that Plaintiff has failed to describe any specific conduct that allegedly violates Rule 11. It also finds that Plaintiff did not follow the safe harbor provision and allow these Defendants 21 days within which to withdraw their pleading or otherwise correct any allegedly sanctionable behavior, before filing her motion for sanctions. The Court denies Plaintiff's Motion for Sanctions based on her failure to comply with Rule 11(c)(2).

In her reply ( doc. 48), denominated as a motion, Plaintiff addresses the merits of her claims and the alleged lack of merit for the defenses of Defendants. Obviously the parties disagree about

---

[1] Fed. R. Civ. P. 11(c)(2).

[2] Fed. R. Civ. P. 11(c)(2).

[3] *Zhu v. Fed. Hous. Fin. Bd.*, No. 04-2539-KHV, 2007 WL 675646 *4 (D. Kan. Mar. 1, 2007).

[4] Fed. R. Civ. P. 11(c)(2)

the material facts and the law that applies to their claims and defenses. Generally parties to litigation do disagree about the material facts and the application of the law. That disagreement becomes the occasion for the law suit and for the defenses against it. Plaintiff understandably may disagree with the pleadings of Defendants, but her disagreement does not of itself justify sanctions against them.

The Court declines to award Defendants their expenses incurred in responding to the motion. Plaintiff proceeds *pro se*, apparently without experience with the Federal Rules of Civil Procedure. An award of reasonable expenses is not mandatory, but discretionary. The Court thus exercises its discretion and finds sanctions to be inappropriate at this time. The Court admonishes Plaintiff, however, that she must assume responsibility for familiarizing herself with the Federal Rules of Civil Procedure, including Rule 11, and for following them. The Court cannot excuse Plaintiff from complying with the rules simply because she is *pro se* and may presently be unfamiliar with them. If she commits further violations, she may indeed subject herself to sanctions.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Sanctions or Other Relief by the Court (doc. 43) is denied for failure to comply with Fed. R. Civ. P. 11(c)(2).

IT IS FURTHER ORDERED THAT Defendants' request for their reasonable expenses incurred for responding to the motion is denied.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Sanctions or Other Relief by the Court (doc. 48), filed on July 3, 2008, is construed to be a reply to Defendants' response to the motion and requires no further action or ruling by the Court.

Dated in Kansas City, Kansas on this 31st day of July 2008.

s/ Gerald L. Rushfelt

Gerald L. Rushfelt
United States Magistrate Judge