## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PAMELA OLSON                                          )
                                                     )
                                                     )
                          **Plaintiff,**              )
                                                     )
**v.**                                                )
                                                     )          **Case No. 08-2126-CM**
                                                     )
**AT&T, et al.,**                                     )
                                                     )
                          **Defendants.**             )
                                                     )
_____)

## MEMORANDUM AND ORDER

Plaintiff brings this action *pro se*.  In her complaint, she named the following defendants:

AT&T ("defendant AT&T"), the City of Lenexa ("defendant City"), Veronica Gaignat Estate

("defendant Estate"), Bernard Van de Velde ("defendant Van de Velde"), Rylie Equipment and

Contracting Company ("defendant Rylie"), Allen Harmon ("defendant Harmon"), and Chris Caroll

("defendant Carroll").  Plaintiff alleges that this court has jurisdiction over her claims under 28 U.S.C.

§ 1343 and the Fifth and Fourteenth Amendments of the United States Constitution.  Plaintiff seeks

actual damages in the amount of one million dollars against each defendant and punitive damages in

the amount of four million dollars against each defendant.

Plaintiff filed her complaint by completing a standardized form available to *pro se* parties.

Under the statement of claim section, the form provides the following instruction:

> (State here a short and plain statement of the claim showing that plaintiff is
> entitled to relief.  State what each defendant did that violated the right(s) of
> the plaintiff, including dates and places of such conduct by the
> defendant(s).  Do not set forth legal arguments.  If you intend to allege
> more than one claim, number and set forth each claim in a separate
> paragraph.  Attach an additional sheet, if necessary, to set forth a short and
> plain statement of the claim[s].)

-1-

Plaintiff's entire statement of claim consists of following allegations:

> AT&T did enter plaintiff's property without the legal right and bored underground lines making the property worthless to ever being built on. The City of Lenexa Ks [sic] told them they could do so without compensation.  Veronica Gaignat and her Brother gave permission illegally when they did not own the property in question and took monies illegally for same damages.  Rylie Equipment and Contracting did the damage and refused to move machinery—took property as if it was there [sic] own and bored numerous holes for lines[.]

In plaintiff's complaint, she provides the following address for defendant City: City of Lexexa, City Office Bld., 87th Street Lenexa, KS.  She provided the following address for defendant AT&T: A.T. and T. Corp., 9716-B Raynor, Suite 145, Charlotte, NC, 28277.  On March 25, 2008, the court granted plaintiff's application for leave to proceed in forma pauperis.  The court directed the Clerk to issue summons for defendants and appointed the United States Marshal to serve the summons and complaint.  On May 7, 2008, the United States Marshal filed the Process Receipt and Return for defendant City.  The Process Receipt and Return states that the summons and complaint were served on April 25, 2008 via certified mail to the address provided by plaintiff.  On May 7, 2008, the United States Marshal filed the Process Receipt and Return for defendant AT&T.  The Process Receipt and Return states that the summons and complaint were returned unexecuted.  They were sent via certified mail to the address provided by plaintiff but were not delivered.  The United States Postal Service returned them on May 5, 2008 as "Attempted – Not Known."

This matter is currently before the court on defendant City of Lenexa's Motion to Dismiss (Doc. 18); Defendants Rylie Equipment and Contracting Co. and Allen Harmon's Motion to Dismiss (Doc. 22); Defendants the Veronica Gaignat Estate and Bernard Van de Velde's Motion to Dismiss (Doc. 24); Defendant Chris Carroll's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Or Alternatively Motion For A More Definite Statement (Doc. 26); Plaintiff's Motion for

Summary Judgment Against AT&T Corporation (Doc. 33); and Plaintiff's Motion against Veronica

Gaignat Estate and Bernard Van de Velde Executor for Hurriedly Closing Said Estate (Doc. 38).

Where, as here, the plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally.

*Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10

(1980)).  On the other hand, a plaintiff's *pro se* status does not relieve her from complying with this

court's procedural requirements.  *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006)

(citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir.

2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

### I.  Defendant City of Lenexa's Motion to Dismiss (Doc. 18)

Defendant City moves the court to dismiss all claims against it pursuant to Federal Rules of

Procedure 12(b)(1)–(2), (5)–(6).  Defendant City argues plaintiff's claim should be dismissed because

(1) plaintiff failed to state a claim upon which relief can be granted; (2) plaintiff failed to properly

serve defendant City; and (3) plaintiff failed to comply with K.S.A. § 12-105b.[1]  Because defendant

City's arguments regarding service of process affect the court's jurisdiction, the court will consider

those arguments first.

Defendant City argues that plaintiff's claims should be dismissed pursuant to Rule 12(b)(2),

lack of personal jurisdiction, and Rule 12(b)(5), insufficient service of process, for failure to properly

serve defendant.  Defendant City argues that (1) plaintiff failed to comply with Kansas law in her

attempts to serve defendant such that the purported service is insufficient and (2) due to the

insufficient service, the court lacks personal jurisdiction over defendant.  "In opposing a motion to

---

[1] In its reply brief, defendant City raises new arguments regarding ripeness.  "The Tenth Circuit has
stated that generally, a nonmoving party should be given an opportunity to respond to new material
raised for the first time in a reply brief."  *Gonzalez v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1237 n.2
(D. Kan. May 24, 2007) (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).
Because plaintiff has not had an opportunity to respond to the new argument, the court will not
consider defendant's ripeness argument.

dismiss for insufficient service, plaintiff bears the burden to make a prima facie case that she has

satisfied statutory and due process requirements so as to permit the Court to exercise personal

jurisdiction over defendants." *Taylor v. Osawatomie State Hosp.*, No. 07-2346-KHV, 2008 WL

2891011, at \*1 (D. Kan. July 24, 2008) (citing *Fisher v. Lynch*, 571 F. Supp. 2d 1230, 1260 (D. Kan.

2008)).

Rule 4(j)(2) governs service on state or local governments and provides that the state or local

government "must be served by (A) delivering a copy of the summons and of the complaint to its chief

executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving

a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A) & (B).  "Delivering" as

used in Rule 4(j)(2)(A) means personal service, and does not authorize service by mail.  *Riddle v.

Wichita Pub. Schs., Unified Sch. Dist. No. 259*, No. 04-1400-MLB, 2005 WL 1563444, at \*1 (D. Kan.

June 30, 2005) (citing *Punchard v. New Mexico*, 1995 WL 638201, at \*1 (10th Cir. Oct. 31, 1995)).

Because service was done via certified mail, service was not effected under Rule 4(j)(2)(A), and thus,

the court must determine whether defendant City was properly served under Kansas law pursuant to

Rule 4(j)(2)(B).

K.S.A. § 60-304(d)(3) requires that service upon a city be made by delivering a copy of the

summons and of the complaint to the clerk or the mayor.  Service by return receipt must be addressed

to the appropriate official at the official's governmental office.  K.S.A. § 60-304(d).  When a return of

service has been filed, dismissal under Rule 12(b)(5) "requires strong and convincing evidence that

service was in fact improper."  *Oltremari v. Kan. Soc. & Rehab. Servs.*, 871 F. Supp. 1331, 1350 (D.

Kan. 1994).  "When a plaintiff is granted in forma pauperis status, the district court is required to serve

process for the plaintiff."  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (citing 28 U.S.C.

§ 1915(d)).  A party proceeding in forma pauperis may rely on the United States Marshal for service of

summons unless the defects in service are a result of the plaintiff's inadequate or inaccurate information.  *Oltremari*, 871 F. Supp. at 1352.  "Absent a blameworthy plaintiff, the court should 'instruct the clerk's office and U.S. Marshal to correct the defects in service without dismissing the action.'"  *Id*. (citing *Garland v. State of Kan. Dep't of Revenue*, No. 93-4241-SAC, 1994 WL 66614, at *1 n.2 (D. Kan. Jan. 31, 1994)).

When filling out the standardized complaint form, plaintiff followed the instructions on the form and wrote in the "full name and address of the defendant."  She did not put the clerk or mayor as the addressee, but she was not attempting service at that time.  On March 25, 2008, four days after plaintiff filed her complaint, the court granted her motion for leave to proceed in forma pauperis and ordered the United States Marshal to serve the summons and complaint.  The United States Marshal served defendant City on April 25, 2008 and returned service as executed on May 7, 2008.  The United States Marshal appeared to rely on the address provided in the complaint.  Although the address plaintiff provided in the complaint was inadequate for service, plaintiff was unaware that she was to provide additional information for service or that the United States Marshal would rely solely on the address she provided in her complaint.  Moreover, the summons was returned as executed on May 7, 2008, at which point plaintiff was unaware that she needed to provide additional information.

Plaintiff's *pro se* status does not relieve her from complying with the service requirements.  But when combined with her in forma pauperis status, it does explain her reliance on the United States Marshal for proper service in this case.  In light of the circumstance of this particular case, the court finds that plaintiff is not to blame for the certified mail being sent to the incorrect address—or the failure to address the mail to the mayor or clerk.  *See, e.g., Olsen*, 333 F.3d at 1204 (finding that in forma pauperis plaintiffs were not culpable for the United States Marshal's failure to comply with the

Federal Rules of Civil Procedure regarding service absent evidence that the plaintiffs failed to

cooperate with the United States Marshal).

Accordingly, the court orders the United States Marshal to correct the defect in the service by

serving the clerk or mayor of the City of Lenexa as set forth in K.S.A. § 60-304(d).  Defendant City's

motion is denied.  Defendant City's requests for dismissal under other theories are denied without

prejudice as moot.  Defendant City may raise those issues once properly served.

## II. Defendants Rylie Equipment and Contracting Co. and Allen Harmon's Motion to Dismiss (Doc. 22)

Defendants Rylie and Harmon argue the claims against them should be dismissed pursuant to

Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim.

The only allegations plaintiff asserts against defendants Rylie and Harmon arise under the Fifth

Amendment; she alleges that "Rylie Equipment and Contracting did the damage and refused to move

machinery—took property as if it was there [sic] own and bored numerous holes for lines[.]"

Construed liberally, plaintiff's Fifth Amendment claims against defendants Rylie and Harmon arise

from their relationship with defendant City.[2]  The court will first consider defendants Rylie and

Harmon's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when

specifically authorized to do so.  *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994).  A court

lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent

that jurisdiction is lacking.  *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279,

280, 281 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974);

Fed. R. Civ. P. 12(h)(3)).  "Since federal courts are courts of limited jurisdiction, there is a

---

[2] The court makes no finding regarding the validity of plaintiff's claims; the court finds only that, construed liberally, she alleges the claims in her complaint.

presumption against federal jurisdiction." *Id.* As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of establishing that such jurisdiction is proper. *Basso,* 495 F.2d at 909.

Defendants Rylie and Harmon argue that the court lacks subject matter jurisdiction because plaintiff's claims under the Fifth Amendment are not ripe. The Takings Clause of the Fifth Amendment states: "[N]or shall private property be taken for public use, without just compensation." Accordingly, a violation of the Takings Clause requires a taking and denial of just compensation. *Clajon Prod. Corp. v. Petera,* 70 F.3d 1566, 1575–76 (10th Cir. 1995). This applies to the states through incorporation under the Fourteenth Amendment. *Id.* (citing *Chicago, B. & Q.R. Co. v. Chicago,* 166 U.S. 226, 241 (1897)). If a state provides procedures for seeking just compensation, a takings claim is not ripe until such procedures have been completed. *Id.* at 1576; *J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306, 308 (10th Cir. 1992) ("[A] Fifth Amendment takings claim is not ripe until the property owner has attempted to obtain, and been denied, compensation using state procedures."). Kansas has procedures to provide compensation for takings claims. Kansas courts recognize inverse condemnation actions for compensation when a government entity takes private property. *Kau Kau Take Home No. 1 v. City of Wichita*, 135 P.3d 1221, 1226 (2006).

Plaintiff's complaint and response to defendants' motion is silent as to whether she pursued the prerequisite state court procedures regarding her takings claims. Accordingly, the court finds that plaintiff has failed to meet her burden to establish that this court has jurisdiction over her claims against defendants Rylie and Harmon. Plaintiff's Fifth Amendment claims against defendants Rylie and Harmon are dismissed for lack of jurisdiction.

### III. Defendant's The Veronica Gaignat Estate and Bernard Van de Velde's Motion to Dismiss (Doc. 24)

Defendants Estate and Van de Velde argue the claims against them should be dismissed pursuant to Rule 12(b)(1), lack of subject matter jurisdiction, and Rule 12(b)(6), failure to state a

claim.  The only allegations plaintiff asserts against defendants Estate and Van de Velde are that

"Veronica Gaignat and her Brother gave permission illegally when they did not own the property in

question and took monies illegally for same damages."[3]  As with the claims against defendants Rylie

and Harmon, a liberal reading of plaintiff's complaint may assert Fifth Amendment claims against

defendants Estate and Van de Velde based upon their relationship with defendant City.

Defendants Estate and Van de Velde incorporate by express reference the arguments and

authorities of defendants Rylie and Harmon that the claims against them should be dismissed pursuant

to Rule 12(b)(1) because plaintiff's claims under the Fifth Amendment are not ripe.  As explained

above, federal courts may only exercise jurisdiction when specifically authorized to do so.  *Castaneda,*

23 F.3d at 1580.  Because Kansas has procedures to provide compensation for takings when a

government entity takes private property, plaintiff's Fifth Amendment claims are not ripe until such

procedures have been completed.  For the same reasons as explained above, the court finds that

plaintiff has failed to meet her burden to establish that this court has jurisdiction over her claims

against defendants Estate and Van de Velde.  Plaintiff's Fifth Amendment claims against defendants

Estate and Van de Velde are dismissed for lack of jurisdiction.

In light of the above ruling, plaintiff's Motion for a Stay (doc. 63) is denied.  In her motion to

stay, plaintiff requests that the court stay a quiet title case in Johnson County District Court brought

against her by defendant Van de Velde as administrator of defendant Estate regarding property at issue

in this case.  But defendants Estate and Van de Velde are no longer parties to this lawsuit, and this

court has no jurisdiction over the Johnson County case.  Therefore plaintiff's motion to stay is denied.

**IV. Defendant Chris Carroll's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Or Alternatively Motion For A More Definite Statement (Doc. 26)**

---

[3] In plaintiff's response, she raises allegations of fraud and conspiracy.  But as explained in this order, plaintiff cannot amend her complaint through these pleadings.  If she intends to allege additional claims against any defendant, she must properly seek leave to amend her complaint.

Defendant Carroll argues that plaintiff's claim against him should be dismissed under Rule 12(b)(6) for failure to state a claim. This court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Defendant Carroll asks the court to dismiss plaintiff's claim because plaintiff failed to comply with the notice requirements of Rule 8(a). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "This pleading requirement serves the dual purposes of: 1) ensuring that defendants know the actual grounds of the claim against them, thus enabling them to prepare a defense; and 2) avoiding the costs associated with the civil discovery regime on the basis of a largely groundless claim." *Lawton v. Higgins*, No. 08-4080-SAC, 2008 WL 4540737, at *3 (D. Kan. Oct. 8, 2008) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).

The only information that plaintiff provided in her complaint regarding defendant Carroll is (1) that he is a resident of Kansas; (2) that he was an "employee of A.T. and T. Charlotte North Carolina";

and (3) his home address.  Plaintiff alleges other defendants violated the Takings Clause of the Fifth

Amendment to the United States Constitution, but she makes no allegations against defendant Carroll.

The complaint states no factual allegations against defendant Carroll.  The court therefore finds that

plaintiff's complaint fails to set forth a claim showing that she is entitled to relief against defendant

Carroll because it fails to give defendant Carroll fair notice of what plaintiff's claim is and fails to

show that any plausible relief follows from the facts alleged, none of which relate to defendant

Carroll.[4]

"A court which finds Rule 8(a) deficiencies normally grants leave to file an amended

complaint."  *Lawton*, 2008 WL 4540737, at \*3 (citing *Gibson v. City of Cripple Creek, Colo.*, No. 94-

1168, 1995 WL 94483, at \*1 (10th Cir. March 1, 1995); *Williamson v. Owners Resort & Exchange*, 90

F. App'x 342, 345–346 (10th Cir. 2004); *Toevs v. Reid*, 267 F. App'x 817, 819 (10th Cir. 2008)).  Rule

15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when

justice so requires."  Fed. R. Civ. P. 15(a).  The decision to grant leave to amend a complaint lies

within the sound discretion of the trial court.  *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799

(10th Cir. 1998).  The court finds that plaintiff should be allowed to amend her complaint to plead

facts that might cure the deficiencies in her complaint.  Therefore, as a discretionary measure, the

court grants plaintiff leave to amend her complaint—the claims against defendant Carroll—to conform

to the pleading requirements imposed by Rule 8(a).  The court denies defendant Carroll's motion to

dismiss; however, if plaintiff does not amend her complaint by January 20, 2009, the court will

dismiss the claims alleged against defendant Carroll without further motion by defendant Carroll.

**V.  Plaintiff's Motion for Summary Judgment Against AT&T Corporation (Doc. 33)**

---

[4] The court notes that in her response, plaintiff provides additional legal and factual allegations.  If
plaintiff wishes to amend her complaint to include additional claims, or clarify her Fifth Amendment
claims, she should seek to do so pursuant to this court's rules, as explained below.

Plaintiff argues she is entitled to summary judgment because defendant AT&T has not timely

answered her petition.  Although plaintiff titled her motion as a motion for summary judgment, it is

actually a motion for default judgment.  After reviewing the record, it appears that defendant AT&T

has not been served.  The Process Receipt and Return filed on May 7, 2008 states that the summons

and complaint were returned unexecuted.  Plaintiff's motion for summary judgment, or more

appropriately default judgment, is denied.

Plaintiff is ordered to show cause in writing why her claims against AT&T should not be

dismissed for failure to prosecute—for her failure to accomplish service within the proscribed time

under Rule 4(m).  On May 7, 2008, the United States Marshal filed the Process Receipt and Return for

defendant AT&T, stating that the summons and complaint were returned unexecuted.  They were sent

via certified mail to the address provided by plaintiff but were not delivered.  The United States Postal

Service returned them on May 5, 2008 as "Attempted – Not Known."  Based on the record, it appears

plaintiff has made no attempt to correct the address she provided the court or ensure that defendant

AT&T is properly served.  Plaintiff shall show cause why her claims against AT&T should not be

dismissed for failure to prosecute within 20 days of this order.  If plaintiff fails to show cause within

20 days of this order, her claims against AT&T will be dismissed for failure to prosecute.

**VI. Plaintiff's Motion against Veronica Gaignat Estate and Bernard Van de Velde Executor for Hurriedly Closing Said Estate (Doc. 38)**

Plaintiff requests that this court take action in Kansas state probate court in a case regarding

Veronica Gaignat's estate.  Specifically, plaintiff requests that this court (1) set aside filings in the

probate case; (2) file a claim for her in the probate case; (3) issue a Lis Pendens against the property in

the probate case; and (4) sanction the lawyers in the probate case for hurriedly closing the estate.

Plaintiff's motion is full of conclusory allegations and cites no authority for this court to interfere with

the Kansas state court.  The court finds that plaintiff's motion is meritless.  Plaintiff's motion is

denied.

### VII. Plaintiff's Surreplies

Plaintiff improperly filed surreplies to defendants' motions.  District of Kansas Local Rule 7.1

sets forth the documents that may be filed regarding a motion.  It provides for (1) the motion; (2) a

written response in opposition to the motion; and (3) a reply in support of the motion filed by the

moving party.  D. Kan. Rule 7.1(a)–(c).  It does not provide for the responding party to file a surreply.

Any party wanting to file a pleading or document that may not be filed as a matter of right must seek

permission of the court under D. Kan. Rule 15.1 before filing the document.  The court will not

consider arguments raised in improperly-filed pleadings.

Additionally, the court notes that plaintiff makes further factual and legal claims against the

defendants in her unauthorized surreplies.  Responses to motions are not the proper vehicle for

alleging additional claims against defendants.  If plaintiff wishes to amend her complaint to include

additional claims, or clarify her Fifth Amendment claims, she must do so pursuant to this court's rules,

specifically Federal Rule of Civil Procedure 15 and this court's local rule, D. Kan. Rule 15.1, which

can be found on the court's website.  The court reminds plaintiff that "to state a claim in federal court,

a complaint must explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).  Setting

forth these elements will enable defendants to begin preparing their defense and provide the court with

sufficient clarity to adjudicate the merits.  *Id*.  Plaintiff cannot bring new claims against defendants by

simply alleging them in her pleadings; she must amend her complaint.

**IT IS THEREFORE ORDERED** that defendant City of Lenexa's Motion to Dismiss (Doc. 18) is denied.  The court orders the Clerk to reissue summons and the United States Marshal to correct the defect in the service by serving the clerk or mayor of the City of Lenexa as set forth in K.S.A. § 60-304(d).

**IT IS FURTHER ORDERED** that Defendants Rylie Equipment and Contracting Co. and Allen Harmon's Motion to Dismiss (Doc. 22) is granted.

**IT IS FURTHER ORDERED** that Defendants the Veronica Gaignat Estate and Bernard Van de Velde's Motion to Dismiss (Doc. 24) is granted.

**IT IS FURTHER ORDERED** that Defendant Chris Carroll's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Or Alternatively Motion For A More Definite Statement (Doc. 26) is denied.

**IT IS FURTHER ORDERED** that plaintiff may amend her complaint to conform to the pleading requirements imposed by Rule 8(a) of the Federal Rules of Civil Procedure.  **If plaintiff does not amend her complaint by January 20, 2009, the claims alleged against defendant Carroll will be dismissed *sua sponte*, without further motion by defendant Carroll.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment Against AT&T Corporation (Doc. 33) is denied.  **Plaintiff shall show cause why her claims against AT&T should not be dismissed for failure to prosecute within 20 days of this order.  If plaintiff fails to show cause within 20 days of this order, her claims against AT&T will be dismissed for failure to prosecute.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion against Veronica Gaignat Estate and Bernard Van de Velde Executor for Hurriedly Closing Said Estate (Doc. 38) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for a Stay (doc. 63) is denied.

Dated this <u>11th</u> day of December 2008, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**
