IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA OLSON,

                Plaintiff,

v.                                                                                          CIVIL ACTION

A T & T CORPORATION,
et al.,                                                                                     No: 08-2126-CM-GLR

                Defendants.

**ORDER**

On December 18, 2008, the Court conducted a telephone status conference. Plaintiff appeared pro se. Defendants AT&T and Chris Carroll appeared through counsel, Timothy J. Sear. Defendant City of Lenexa appeared through counsel, Keith L. Whiteford and Rebecca A. Swanwick-Yoacham. At the status conference, the Court advised the parties of its rulings as to the following pending motions:

    1.    The Court denies the following two motions: Defendants Veronica Gaignat Estate and Bernard Van de Velde's Motion for Sanctions Against Plaintiff Pamela Olson (doc. 49); and Defendants Veronoica Gaignat Estate and Bernard Van de Velde's Motion to Strike Plaintiff's Answer to Settlement Proposal of Veronica Gaignat Estate and Bernard Van de Velde (doc. 71). By its Memorandum and Order of December 11, 2008, the Court has dismissed the claims of Plaintiff against these two defendants. The Court therefore finds their two motions moot.

    2.    The Court denies Plaintiff's Motion for Sanctions (doc. 67). Plaintiff filed this motion, asking for sanctions against attorney Melanie N. McIntyre "for her untruthfulness throughout this case . . . ." Neither the motion nor any other document indicates under what rule Plaintiff seeks sanctions. The Court will assume she intends to proceed under Fed. R. Civ. P.

11(c)(2).  After reviewing the motion, the response of Defendant AT & T, and exhibits attached to them, the Court finds the motion deficient, both procedurally and upon the merits.  As Defendant has noted in its response, Plaintiff has failed to comply with the "safe-harbor" provision of the rule.  That provision requires the moving party, after service of the motion and before filing it, to afford the respondent 21 days within which to withdraw whatever the movant contends to be offensive.  There is no indication that Plaintiff has complied with that requirement.  With respect to the merits of the motion, furthermore, the Court does not find that Melanie N. McIntyre has been untruthful.

In response to the Motion for Sanctions Defendant AT & T asks the Court to impose sanctions of attorneys fees and costs against Plaintiff.  Defendant cites Fed. R. Civ. P. 11(c) for authority.  The Court will deny this request.  Rule 11(c)(2) requires such a request to be filed by separate motion after first according the respondent the "safe harbor" opportunity.  The request by Defendant does not comply with this requirement.

3.     The Court denies the Motion for Entry Upon Land (doc. 73).  Defendants Rylie Equipment and Contracting Co. and Alan Harmon filed the motion.  By its Memorandum and Order of December 11, 2008 (doc. 84) the Court has dismissed these defendants from this case for lack of jurisdiction of the subject matter of the claims alleged against them.  The Court denies their motion without prejudice to any similar motion that may be filed by any other party.

4.     The Court next considers the Motion for Appointment of Counsel (doc. 75), filed by Plaintiff.  Upon her affidavit the Court has allowed her to file her complaint *in forma pauperis*.  She proceeds in this case *pro se*.  Her present motion indicates she cannot afford counsel and has tried unsuccessfully by contacting five individual attorneys to retain one to represent her.  The Court considers the motion, pursuant to 28 U.S.C. § 1915(e)(1).  It addresses the discretion of the Court:

"The court may request an attorney to represent any person unable to afford counsel."

At this time the Court declines to appoint counsel for Plaintiff.  Her complaint asserts for a jurisdictional basis that her civil rights have been violated and that she has been deprived of her property by its taking for public use without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.  The Memorandum and Order (doc. 84) dismisses the claims of Plaintiff as to four of the original defendants.  The dismissals rest upon the failure of any showing that the Court has jurisdiction over the subject matter of those claims.  With the present order the Court makes no finding as to the remaining claims.  It notes, however, that dismissals could result from similar findings as to the remaining defendants.  The complaint lacks any allegation that Plaintiff has made any effort to pursue available procedures under Kansas law to seek compensation for the alleged taking of her property.  The Court has ruled that compliance with those procedures are prerequisite to her Fifth Amendment claims here.

The Court does appoint counsel for indigent defendants in criminal cases.  It also appoints counsel to represent indigent plaintiffs in discrimination cases, pursuant to Title VII or other statutory authority.  In other civil cases the Court may, but is not required, to appoint counsel for an indigent party.  It does not maintain a specific pool of attorneys who are readily available for every case; although many attorneys have graciously responded when there is a need for such appointment and a case has some initial appearance of possible merit.  The Court declines to do so in this case; although it may reconsider the possibility of such appointment, if indeed the Court finds jurisdiction over its subject matter.  For this reason the Court denies the motion for appointment of counsel without prejudice to a similar motion, should the Court determine that jurisdiction does exist.  With denial of the Motion for Appointment of Counsel (doc. 75), the Court also denies the Motion for

Appointment of an Attorney and Stay Until an Attorney Is Appointed (doc. 76).

5. After hearing oral argument at the status conference of December 18, 2008, the Court denies the Motion for Appointment of a Arbitrator or Mediator (doc. 79). As already noted, jurisdiction of subject matter remains an issue. The Court denies the motion without prejudice to a similar request at a later date.

6. The Court denies as moot the Motion for Protective Order (doc. 80), filed by Rylie Equipment and Contracting Co. and Allen Harmon. The Court has dismissed those two defendants from the case. The Court further denies the motion for deficiencies in the proposed protective order. It contains no adequate definition or description of the "confidential" documents to which it would apply. It provides for a procedure to file sealing documents beyond that provided by D. Kan. Rule 5.4.6. It would require destruction of documents, even before the time for appeals has expired. It would grant protection carte blanche to the disclosures provided by Rule 26. The parties have provided no showing that a protective order of such breadth is justified or appropriate. The Court denies the motion without prejudice to a similar motion without these deficiencies.

7. The next telephone status conference is set for **January 27, 2009 at 4:15 p.m.** The Court will initiate the conference call.

8. The oral motion by Defendant City of Lenexa for ninety-day extensions of all remaining Scheduling Order deadlines is denied without prejudice.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 23rd day of December 2008.

                                                      s/ Gerald L. Rushfelt
                                                    Gerald L. Rushfelt
                                                    United States Magistrate Judge