IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PAMELA OLSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 08-2126-CM |
| AT&T, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action *pro se*. In her complaint, plaintiff names several defendants, including Chris Carroll ("defendant"). Plaintiff alleges that this court has jurisdiction over her claims under 28 U.S.C. § 1343 and the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks actual damages in the amount of one million dollars against each defendant and punitive damages in the amount of four million dollars against each defendant. This matter is currently pending before the court on Defendant Chris Carroll's Motion to Dismiss (Doc. 112).

Plaintiff filed her complaint by completing a standardized form available to *pro se* parties. Plaintiff's entire statement of claim sets forth the following allegations:

> AT&T did enter plaintiff's property without the legal right and bored underground lines making the property worthless to ever being built on. The City of Lenexa Ks told them they could do so without compensation. Veronica Gaignat and her Brother gave permission illegally when they did not own the property in question and took monies illegally for same damages. Rylie Equipment and Contracting did the damage and refused to move machinery—took property as if it was there [sic] own and bored numerous holes for lines[.]

(Compl. at 4 (emphasis supplied).) In its December 12, 2008 Memorandum and Order, the court found that plaintiff failed to state a claim against defendant and allowed plaintiff to amend her

complaint. Instead of filing a motion to amend, plaintiff filed a "Notice of Claim to Defendant Chris Carroll." Where, as here, the plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). When construed liberally and together, plaintiff's complaint and Notice allege a Fifth Amendment takings claim against defendant.[1]

Defendant argues plaintiff's Fifth Amendment takings claim should be denied because the claim is not ripe. The issue of ripeness affects the court's subject matter jurisdiction and may be raised at any time. *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agr.*, 197 F.3d 448, 450 (10th Cir. 1999). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). A court lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed. R. Civ. P. 12(h)(3)). "Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Id.* As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of establishing that such jurisdiction is proper. *Basso,* 495 F.2d at 909.

Defendant argues plaintiff's claims under the Fifth Amendment are not ripe because plaintiff failed to pursue an inverse condemnation action in Kansas state court. The Takings Clause of the Fifth Amendment states: "[N]or shall private property be taken for public use, without just compensation." A violation of the Takings Clause requires a taking and denial of just compensation. *J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306, 308 (10th Cir. 1992). This applies to the states through incorporation

---

[1] In its motion, defendant suggests that plaintiff may also assert a claim against defendant under 42 U.S.C. § 1983. Plaintiff has not alleged such a claim, and thus, the court need not address defendant's section 1983 arguments.

under the Fourteenth Amendment. *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1574 n.15 (10th Cir. 1995) (citing *Chicago, B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226, 241 (1897)). If a state provides procedures for seeking just compensation, a takings claim is not ripe until such procedures have been completed. *Id.* at 1575; *J.B. Ranch*, 958 F.2d at 308 ("[A] Fifth Amendment takings claim is not ripe until the property owner has attempted to obtain, and been denied, compensation using state procedures."). Kansas has procedures to provide compensation for takings claims. Kansas courts recognize inverse condemnation actions for compensation when a government entity takes private property. *Kau Kau Take Home No. 1 v. City of Wichita*, 135 P.3d 1221, 1226 (Kan. 2006).

Plaintiff's complaint and response to defendant's motion is silent as to whether she pursued the prerequisite state court procedures regarding her takings claims. Accordingly, the court finds that plaintiff has failed to meet her burden to establish that this court has jurisdiction over her claims against defendant. Plaintiff's Fifth Amendment claim against defendant is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant Chris Carroll's Motion to Dismiss (Doc. 112) is granted.

Dated this <u>13th</u> day of April 2009, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**