## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PAMELA OLSON                        )
                                    )
                                    )
                 Plaintiff,         )
                                    )
v.                                  )
                                    )          Case No. 08-2126-CM
                                    )
AT&T, et al.,                       )
                                    )
                 Defendants.        )
_____)

### MEMORANDUM AND ORDER

Plaintiff brings this action *pro se*.  In her complaint, plaintiff names several defendants, including the City of Lenexa ("defendant").  Plaintiff alleges that this court has jurisdiction over her claims under 28 U.S.C. § 1343 and the Fifth and Fourteenth Amendments to the United States Constitution.  Plaintiff seeks actual damages in the amount of one million dollars against each defendant and punitive damages in the amount of four million dollars against each defendant.  This matter is currently pending before the court on Defendant City Of Lenexa's Motion to Dismiss (Doc. 94).

I.      **Factual Background**

Plaintiff's complaint asserts a Fifth Amendment takings claim against defendant.  In its motion, defendant suggests that plaintiff may also be stating a tort claim against it.  Plaintiff filed her complaint by completing a standardized form available to *pro se* parties.  Under the statement of claim section, the form provides the following instruction:

> (State here a short and plain statement of the claim showing that plaintiff is
> entitled to relief.  State what each defendant did that violated the right(s) of the
> plaintiff, including dates and places of such conduct by the defendant(s).  Do not

set forth legal arguments.  If you intend to allege more than one claim, number and set forth each claim in a separate paragraph.  Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s].)

Plaintiff's entire statement of claim sets forth the following allegations:

AT&T did enter plaintiff's property without the legal right and bored underground lines making the property worthless to ever being built on.  *The City of Lenexa Ks told them they could do so without compensation.*  Veronica Gaignat and her Brother gave permission illegally when they did not own the property in question and took monies illegally for same damages.  Rylie Equipment and Contracting did the damage and refused to move machinery—took property as if it was there [sic] own and bored numerous holes for lines[.]

(Compl. at 4 (emphasis supplied).)  Under the administrative procedures section, plaintiff also alleges that she talked to defendant's legal department and was told the City could do whatever it wanted with her land.

Plaintiff's claim is not particularly clear.  Where, as here, the plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally.  *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)).  Recognizing that plaintiff's complaint is to be construed liberally, the court will address defendant's arguments regarding a potential tort claim.

## II.   Discussion

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.  *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994).  A court lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking.  *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed. R. Civ. P. 12(h)(3)).  "Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction."  *Id.*  As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of establishing that such jurisdiction is proper.  *Basso,* 495 F.2d at 909.

a.  *Takings Claim*

Defendant argues plaintiff's Fifth Amendment takings claim should be dismissed because the claim is not ripe.  The issue of ripeness affects the court's subject matter jurisdiction and may be raised at any time.  *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agr.*, 197 F.3d 448, 450 (10th Cir. 1999).  Defendant contends plaintiff's claims under the Fifth Amendment are not ripe because plaintiff failed to pursue an inverse condemnation action in Kansas state court.

The Takings Clause of the Fifth Amendment states: "[N]or shall private property be taken for public use, without just compensation."  A violation of the Takings Clause requires a taking and denial of just compensation.  *J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306, 308 (10th Cir. 1992).  This applies to the states through incorporation under the Fourteenth Amendment.  *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1574 n.15 (10th Cir. 1995) (citing *Chicago, B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226, 241 (1897)).  If a state provides procedures for seeking just compensation, a takings claim is not ripe until such procedures have been completed.  *Id.* at 1575; *J.B. Ranch*, 958 F.2d at 308 ("[A] Fifth Amendment takings claim is not ripe until the property owner has attempted to obtain, and been denied, compensation using state procedures.").  Kansas has procedures to provide compensation for takings claims.  Kansas courts recognize inverse condemnation actions for compensation when a government entity takes private property.  *Kau Kau Take Home No. 1 v. City of Wichita*, 135 P.3d 1221, 1226 (Kan. 2006).

Plaintiff's complaint and response to defendant's motion is silent as to whether she pursued the prerequisite state court procedures regarding her takings claims.  Accordingly, the court finds that plaintiff has failed to meet her burden to establish that this court has jurisdiction over her claims against defendant.  Plaintiff's Fifth Amendment claim against defendant is dismissed for lack of jurisdiction.

### b.  Tort Claim

Defendant argues that to the extent plaintiff alleges a tort claim against it, plaintiff's claim should be denied because plaintiff failed to follow K.S.A. § 12-105b.  K.S.A. § 12-105b(d) requires that "any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. . . . No person may initiate an action against a municipality unless the claim has been denied in whole or part."  K.S.A. § 12-105b(d).  These notice requirements are jurisdictional.  "If the statutory requirements are not met, the court cannot obtain jurisdiction over the municipality."  *Kau Kau Take Home No. 1*, 135 P.3d at 1227 (citation omitted).  K.S.A. § 12-105b(d) notice requirements are a condition precedent and must be pleaded in compliance with Fed. R. Civ. P. 9(c).  *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1100 (D. Kan. 2007).  Plaintiff bears the burden to establish compliance with K.S.A. § 12-105b.  *Id.* (dismissing the plaintiff's state law procedural due process claim because the plaintiff did not plead compliance with the notice requirements of K.S.A. § 12-105b(d)).

Neither plaintiff's complaint nor response alleges that she complied with K.S.A. § 12-105b.  She merely states that she talked to defendant's legal department and was told defendant could do whatever it wanted with her land.  Based on the allegations in plaintiff's complaint, the court finds that plaintiff has failed to meet her burden to establish that this court has jurisdiction over any alleged tort claims against defendant.  To the extent plaintiff alleges tort claims against defendant, such claims are dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant City of Lenexa's Motion to Dismiss (Doc. 94) is granted.

Dated this <u>13th</u> day of April 2009, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**