IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PAMELA OLSON** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   Case No. 08-2126-CM |
| | ) |
| **AT&T, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM AND ORDER**

Plaintiff brings this action *pro se*. In her complaint, she named several defendants, including AT&T ("defendant AT&T"). Plaintiff seeks actual damages in the amount of one million dollars against each defendant and punitive damages in the amount of four million dollars against each defendant.[1] The issue before the court is whether plaintiff has shown good cause for her failure to serve defendant AT&T. The following motions are pending before the court: plaintiff's Motion for Issuance of Summons (Doc. 96) and Defendant AT&T Corp.'s Motion To Enforce The Court's Order Requiring Plaintiff To Show Cause Why Her Claims Against AT&T Corp. Should Not Be Dismissed For Failure To Prosecute Or, Alternatively, Motion To Dismiss For Failure To Prosecute (Doc. 118).

On May 7, 2008, the United States Marshal filed the Process Receipt and Return for defendant AT&T. The Process Receipt and Return states that the summons and complaint were returned unexecuted. They were sent via certified mail to the address provided by plaintiff but were not

---

[1]Plaintiff's request to increase her damages to two million actual and five million punitive set forth in her response to the court's show cause order is denied. As explained in the court's December 12, 2008 Memorandum and Order, plaintiff must properly seek leave to amend her complaint to allege additional claims or damages in this action.

delivered.  The United States Postal Service returned them on May 5, 2008 as "Attempted – Not Known."  On December 12, 2008, the court ordered plaintiff to show cause in writing why her claims against defendant AT&T should not be dismissed for failure to prosecute—for her failure to accomplish service within the proscribed time under Rule 4(m)—on or before December 31, 2008.  On December 18, 2008, plaintiff filed a notice of appeal, appealing the court's December 12, 2008 Memorandum and Order.  Despite the pending appeal, which divested this court of jurisdiction, the parties continued to file motions and pleadings with the district court.  On January 6, 2009, a Process Receipt and Return was docketed, stating that defendant AT&T was served via mail on December 31, 2008.  This docket entry appears to be incorrect.  Sometime after December 31, 2008, plaintiff received a letter from Linda McBride at CT Corporation, returning the summons unexecuted.  Realizing defendant AT&T was not served, plaintiff filed a Motion for Issuance of Summons on January 6, 2009, requesting service on defendant AT&T Corp. at 515 S. Kansas Ave., Topeka, KS, 66603 (Doc. 96).  On March 6, 2009, the Tenth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction, conferring jurisdiction to the district court.

Under Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days to serve a defendant.  Plaintiff has not served defendant AT&T within the 120-day period.  "The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service."  *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  The plaintiff is entitled to a mandatory extension of time if good cause is shown.  *Id.*  "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."  *Id.*  The Tenth Circuit rejects "inadvertence or neglect as good cause for untimely service."  *Crewse v. MCI Telecomms. Corp.*, No. Civ.A. 99-2204, 2000 WL 360109, at *2 (D. Kan.

Mar. 16, 2000) (quoting *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996) (internal quotation omitted)).

"When a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff." *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (citing 28 U.S.C. § 1915(d)). A party proceeding *in forma pauperis* may rely on the United States Marshal for service of summons unless the defects in service are a result of the plaintiff's inadequate or inaccurate information. *Oltremari v. Kan. Soc. & Rehab. Servs.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994). "Absent a blameworthy plaintiff, the court should 'instruct the clerk's office and U.S. Marshal to correct the defects in service without dismissing the action.'" *Id.* (citing *Garland v. Kan. Dep't of Revenue*, No. 93-4241-SAC, 1994 WL 66614, at *1 n.2 (D. Kan. Jan. 31, 1994)). Where, as here, the plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). On the other hand, a plaintiff's *pro se* status does not relieve her from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants).

In response to the court's order to show cause, plaintiff stated that she was relying on the United States Marshals Service to serve defendant AT&T and provided the clerk's office with a new service address for defendant AT&T, naming the defendant as AT&T Corporation Company, Inc. (Doc. 92). Plaintiff also relies on the Process Receipt and Return docketed on January 6, 2009.

Because of the unusual posture of this case—the parties continuing to litigate this matter when it was on appeal, plaintiff's *pro se* and *in forma pauperis* status, and the seemingly incorrect Process Receipt and Return on defendant AT&T—the court finds good cause for plaintiff's failure to timely

effect service. The court believes that the appropriate course of action is to allow plaintiff one final attempt to serve defendant AT&T.

Plaintiff's pending Motion for Issuance of Summons requests the clerk to serve AT&T Corp. at 515 S. Kansas Ave., Topeka, KS, 66603. The court will grant plaintiff until April 20, 2009 to amend her Motion for Issuance of Summons and/or submit any additional information for service on defendant AT&T. If plaintiff does not amend her motion by April 20, 2009, the clerk's office shall serve summons on defendant AT&T at the address listed in plaintiff's motion. **Any defect in service due to plaintiff's inadequate or inaccurate information will preclude the court from ordering any further service on defendant AT&T.**

**IT IS THEREFORE ORDERED** that plaintiff has shown cause why her claims against defendant AT&T should not be dismissed for failure to prosecute—for her failure to accomplish service within the proscribed time under Rule 4(m).

**IT IS FURTHER ORDERED** that Defendant AT&T Corp.'s Motion To Enforce The Court's Order Requiring Plaintiff To Show Cause Why Her Claims Against AT&T Corp. Should Not Be Dismissed For Failure To Prosecute Or, Alternatively, Motion To Dismiss For Failure To Prosecute (Doc. 118) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Issuance of Summons (doc. 96) is granted. **Plaintiff shall have until April 20, 2009 to amend her motion and/or submit any additional information for service on defendant AT&T. If plaintiff does not amend her motion for service by April 20, 2009, the clerk's office shall serve summons on defendant AT&T at the address listed in plaintiff's motion.**

Dated this 13th day of April 2009, at Kansas City, Kansas.

        <u>s/ Carlos Murguia</u>
        **CARLOS MURGUIA**
        **United States District Judge**