**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **PAMELA OLSON** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **Case No. 08-2126-CM** |
| | ) |
| **AT&T, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

This matter is currently before the court on Plaintiff's Answer to Defendant Chris Carroll's Motion Not to Certify and Motion for Judge Murguia to Recluse (sic) Himself (Doc. 146). In her motion, plaintiff contends that the undersigned judge should recuse from this case for the following reasons: (1) "he is close friends with some of the big dollar attorneys involved in this case"; (2) "he has continuously refused to appoint counsel for plaintiff"; (3) "he has had hearings electronically without asking the plaintiff to participate"; (4) "he gave a crucial ruling that plaintiff never got except Judge Rushfelt read some of the order to plaintiff over the phone"; and (5) the undersigned judge is not certifying certain orders for appeal to use up the thirty-day appeal deadline.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id.* (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasion, and circumstances." *Id.* (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)); *Buck v. Brackett*, 181 F. App'x 712, 716 (10th Cir. 2006) (citations omitted). These facts

-1-

will be accepted as true, but they must be more than rumors, beliefs, and opinions. *Burleson*, 123 F. App'x at 960. Here, plaintiff has not filed an affidavit. Without an affidavit showing bias and prejudice and proper identification of events indicating a personal and extrajudicial bias, plaintiff cannot support a recusal under 28 U.S.C. § 144.

For recusal under 28 U.S.C. § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* (citation omitted). Unlike § 144 recusal, the allegations made under § 455 recusal are not necessarily accepted as true. *Id.* (citation omitted). The judge's subjective state of mind is immaterial. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). The decision whether to recuse from a case is committed to the sound discretion of the court. *See Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987). But if the decision is a close one, the judge should recuse. *Bryce*, 289 F.3d at 659.

Plaintiff's allegations are unfounded. First, nothing in the record supports plaintiff's allegation that the undersigned judge has a personal relationship with any of the attorneys in this matter. Plaintiff specifically references a relationship with Mr. Randol; however, the court does not know Mr. Randol personally and does not have a personal relationship with him. Furthermore, the undersigned judge has reviewed the attorneys in this case and does not personally know them or have a personal relationship with them.

Second, the undersigned has not refused to appoint plaintiff counsel. Plaintiff filed a motion for appointment of counsel on November 14, 2008. Magistrate Judge Rushfelt denied the motion on December 23, 2008. Plaintiff did not file an objection to Judge Rushfelt's decision. The decision whether to appoint plaintiff counsel has not been before the undersigned judge.

Third, the undersigned has not conducted electronic hearings.  Fourth, every order in this matter has been filed on the CM-ECF docket and mailed to plaintiff via regular or certified mail.   If plaintiff was unaware of an order, it was not the fault of the undersigned judge.

Finally, plaintiff's allegation that the undersigned is not certifying certain orders for appeal to use up the thirty-day appeal deadline is unfounded without merit.  The time for plaintiff to appeal this court's rulings does not begin to run until the judgment is final.  Not certifying these rulings for appeal does not affect plaintiff's time to appeal.

Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality.  Accordingly, plaintiff's motion is denied.

 **IT IS THEREFORE ORDERED** that Plaintiff's Answer to Defendant Chris Carroll's Motion Not to Certify and Motion for Judge Murguia to Recluse (sic) Himself (Doc. 146) is denied.

Dated this <u>23rd</u> day of June 2009, at Kansas City, Kansas.


> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**