IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA OLSON                            )
                                        )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )   Case No. 08-2126-CM
                                        )
AT&T, et al.,                           )
                                        )
            Defendants.                 )
                                        )

## MEMORANDUM AND ORDER

Plaintiff Pamela Olson ("Plaintiff") brings this action *pro se* against defendant AT&T ("defendant"). This matter is currently pending before the court on Defendant AT&T Corp.'s Motion to Dismiss (Doc. 137) and plaintiff's Motion for Injunctive Relief (Doc. 144).

Plaintiff filed her complaint by completing a standardized form available to *pro se* parties. Plaintiff's entire statement of claim sets forth the following allegations:

> AT&T did enter plaintiff's property without the legal right and bored underground lines making the property worthless to ever being built on. The City of Lenexa Ks told them they could do so without compensation. Veronica Gaignat and her Brother gave permission illegally when they did not own the property in question and took monies illegally for same damages. Rylie Equipment and Contracting did the damage and refused to move machinery—took property as if it was there (sic) own and bored numerous holes for lines[.]

(Compl. at 4.) Where, as here, the plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). Plaintiff alleges a Fifth Amendment takings claim. And although she does not specifically identify a state law cause of action, she alleges that defendant entered her property illegally. Construing plaintiff's complaint liberally, the court reads plaintiff's complaint to allege a

-1-

Fifth Amendment takings claim and a state law trespass claim against defendant. If plaintiff wishes to assert any other claim against defendant, she must seek to amend her complaint pursuant to this court's rules, specifically Federal Rule of Civil Procedure 15 and this court's local rule, D. Kan. Rule 15.1, which can be found on the court's website.

## I.     Defendant's Motion to Dismiss

Defendant argues plaintiff's Fifth Amendment takings claim should be dismissed because the court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). A court lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed. R. Civ. P. 12(h)(3)). "Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Id.* As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of establishing that such jurisdiction is proper. *Basso,* 495 F.2d at 909.

Defendant argues plaintiff's claims under the Fifth Amendment are not ripe because plaintiff failed to pursue an inverse condemnation action in Kansas state court. The Takings Clause of the Fifth Amendment states: "[N]or shall private property be taken for public use, without just compensation." A violation of the Takings Clause requires a taking and denial of just compensation. *J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306, 308 (10th Cir. 1992). This applies to the states through incorporation under the Fourteenth Amendment. *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1574 n.15 (10th Cir. 1995) (citing *Chicago, B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226, 241 (1897)). If a state provides procedures for seeking just compensation, a takings claim is not ripe until such procedures

have been completed. *Id.* at 1575; *J.B. Ranch*, 958 F.2d at 308 ("[A] Fifth Amendment takings claim is not ripe until the property owner has attempted to obtain, and been denied, compensation using state procedures."). Kansas has procedures to provide compensation for takings claims. Kansas courts recognize inverse condemnation actions for compensation when a government entity takes private property. *Kau Kau Take Home No. 1 v. City of Wichita*, 135 P.3d 1221, 1226 (Kan. 2006).

Plaintiff's complaint and response to defendant's motion is silent as to whether she pursued the prerequisite state court procedures regarding her takings claims. Accordingly, the court finds that plaintiff has failed to meet her burden to establish that this court has jurisdiction over her Fifth Amendment claim against defendant. Plaintiff's Fifth Amendment claim against defendant is dismissed for lack of jurisdiction. Plaintiff's trespass claim remains pending.

## II.     Plaintiff's Motion for Injunctive Relief

Plaintiff requests that the court order (1) defendant to remove "four lines" from beneath her property and (2) injunctive relief from defendant's wrongful wire tapping of her telephone. In her complaint, plaintiff seeks actual damages of $1 million and punitive damages of $5 million—there is no mention of injunctive relief. If plaintiff wishes to seek injunctive relief, she must request to amend her complaint pursuant to this court's rules.

Furthermore, plaintiff's motion does not establish she is entitled to injunctive relief. As the moving party, plaintiff bears the burden to show an injunction is warranted. *Attorney Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009). To obtain a preliminary injunction, plaintiff must show: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *Id.* To the extent plaintiff is seeking a permanent injunction she must establish (1) actual success on the merits; (2) irreparable

harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause to the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.  *Fisher v. Okla. Health Care Auth.,* 335 F.3d 1175, 1180 (10th Cir. 2003).  Neither plaintiff's complaint nor her motion addresses these issues.

The court finds that plaintiff has failed to show she is entitled to injunctive relief.  For the above-mentioned reasons, plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant AT&T Corp.'s Motion to Dismiss (Doc. 137) is granted.  Plaintiff's Fifth Amendment claim is dismissed.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Injunctive Relief (Doc. 144) is denied.

Dated this 24th day of June 2009, at Kansas City, Kansas.

                                                  s/ Carlos Murguia
                                                  **CARLOS MURGUIA**
                                                  **United States District Judge**