## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA OLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) NO. 08-2126-CM |
| AT&T, ET AL., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Plaintiff brings this action *pro se*. This matter is currently pending before the court on plaintiff's Motion to Certify under 54(b) as to Defendant Chris Carroll (Doc. 136) and plaintiff's Motion to Certify under 54(b) as to Defendant City of Lenexa, Kansas (Doc. 139).

In her complaint, plaintiff sets forth the following allegations:

> AT&T did enter plaintiff's property without the legal right and bored underground lines making the property worthless to ever being built on. The City of Lenexa Ks told them they could do so without compensation. Veronica Gaignat and her Brother gave permission illegally when they did not own the property in question and took monies illegally for same damages. Rylie Equipment and Contracting did the damage and refused to move machinery-took property as if it was there (sic) own and bored numerous holes for lines[.]

(Compl. at 4.) The only remaining claim is defendant's state law trespass claim against defendant AT&T. Plaintiff's claims against defendant Chris Carroll ("defendant Carroll") and defendant the City of Lenexa ("defendant City") were dismissed on April 3, 2009.

Rule 54(b) provides that when multiple claims or parties are involved in an action, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express

direction for the entry of judgment." Fed. R. Civ. P. 54(b).  When analyzing a Rule 54(b) motion, the court weighs the "policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).  In doing so, the court considers "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (citation and internal quotation marks omitted).  Because "sound judicial administration does not require that Rule 54(b) requests be granted routinely," the power to grant such a request rests with the sole discretion of a district court. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

Here, plaintiff has not alleged specific inequities that would result from delaying the appeal, and the court has found none.  Plaintiff's remaining trespass claim arises out of the same set of facts as the claims asserted against defendant Carroll and defendant City.  Furthermore, plaintiff alleged Fifth Amendment claims against each defendant in this case and her claims against each defendant arise out of the same factual allegations.  Appealing each order of dismissal separately will cause the appellate court to have to decide the same issues more than once.  After weighing the policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal, the court finds no reason to certify the appeals under Rule 54(b).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Certify Under 54(b) as to Defendant Chris Carroll (Doc. 136) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Certify Under 54(b) as to Defendant City of Lenexa, Kansas (Doc. 139) is denied.

-3-

Dated this 24th day of June 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**