IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PAMELA OLSON | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 08-2126-CM |
| | ) | |
| AT&T, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Plaintiff Pamela Olson ("Plaintiff") brings this action *pro se* against defendant AT&T ("defendant"), alleging a state-law trespass claim against defendant. This matter is currently pending before the court on defendant AT&T Corp.'s Motion to Dismiss Trespass Claim for Lack of Jurisdiction (Doc. 171), which seeks to dismiss the claim under Federal Rule of Civil Procedure 12(b)(1).

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). A court lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed. R. Civ. P. 12(h)(3)). "Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Id.* As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of establishing that such jurisdiction is proper. *Basso,* 495 F.2d at 909.

Defendant argues that the court does not have original jurisdiction—federal question or diversity jurisdiction—or supplemental jurisdiction over plaintiff's trespass claim. United States Code sections 1331 and 1332 give district courts original jurisdiction in limited circumstances. Under 28 U.S.C. § 1331, courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Jurisdiction under this statute is referred to as federal question jurisdiction. Under 28 U.S.C. § 1332, courts have original jurisdiction over certain cases, including cases where the amount in controversy exceeds $75,000 and the parties are citizens of different states. This is referred to as diversity jurisdiction. When the court has original jurisdiction over an action, it can have supplemental jurisdiction over claims that do not meet the requirements for original jurisdiction. However, the court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1332(c)(3).

In this case, the court does not have federal question jurisdiction over plaintiff's state-law trespass claim; the claim does not arise under federal law. But the court cannot dismiss the claim for lack of diversity jurisdiction. In the caption of plaintiff's complaint, she names "A.T. and T. ETAL 9716 – B Raynor– suit 145 Charlotte N.C. 28277" as the defendant. Although she states that the first-named defendant (presumably AT&T) is a corporation incorporated under the laws of the State of "KS," she goes on to state that it has its principal place of business in a state other than the state of which she is a citizen.[1] Plaintiff's complaint is confusing, but as a *pro se* litigant, the court construes her pleading liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). Because the court finds that it has diversity jurisdiction based on the face of plaintiff's complaint, it need not address whether it has supplemental jurisdiction.

---

[1] Plaintiff filed her complaint by completing a standardized form available to *pro se* parties. When asked to fill-in where defendant was incorporated, she wrote "KS." Other than her handwritten "KS," the jurisdiction allegation is pre-printed on the form.

For the above-mentioned reasons, defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant AT&T Corp.'s Motion to Dismiss Trespass Claim for Lack of Jurisdiction (Doc. 171) is denied.

Dated this 17th day of September 2009, at Kansas City, Kansas.

                                                        s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**