IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PAMELA OLSON** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | ) <br> )    Case No. 08-2126-CM <br> ) |
| **AT&T, et al.,** | ) <br> ) |
| **Defendants.** | ) <br> ) |

**MEMORANDUM AND ORDER**

Plaintiff Pamela Olson ("plaintiff") brings this action *pro se*. The only remaining defendant is AT&T ("defendant AT&T"). This matter is currently pending before the court on plaintiff's Motion for Summary or Default Judgment (Doc. 187).

Plaintiff filed her complaint by completing a standardized form available to *pro se* parties. Plaintiff's entire statement of claim sets forth the following allegations:

> AT&T did enter plaintiff's property without the legal right and bored underground lines making the property worthless to ever being built on. The City of Lenexa Ks told them they could do so without compensation. Veronica Gaignat and her Brother gave permission illegally when they did not own the property in question and took monies illegally for same damages. Rylie Equipment and Contracting did the damage and refused to move machinery—took property as if it was there (sic) own and bored numerous holes for lines[.]

(Compl. at 4.) Where, as here, the plaintiff proceeds *pro se*, the court construes the *pro se* pleadings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)). Although plaintiff does not specifically identify a state-law cause of action, she

alleges that defendant AT&T entered her property illegally. Construing plaintiff's complaint liberally, the court reads plaintiff's complaint to allege a state-law trespass claim against defendant AT&T.[1]

In her motion, plaintiff "asks for summary or default judgment against these defendants captioned in this case but primarily AT&T Corporation who caused and did the wrongful trespass and taking of land without going through the legal process of eminent domain." With the exception of defendant AT&T, all of the defendants have been dismissed from this case. Further, plaintiff's only remaining claim is her state-law trespass claim. Accordingly, the court will consider this motion with respect to the only remaining defendant and claim—plaintiff's state-law trespass claim against defendant AT&T.

For the following reasons the court denies plaintiff's motion. First, default judgment is not appropriate under the facts of this case. Under Federal Rule of Civil Procedure 55(a), default is entered when a party has failed to plead or otherwise defend. Here, defendant AT&T was served with process on April 29, 2009. Defendant AT&T's responsive pleading was due on or before May 19, 2009. On May 8, 2009, defendant AT&T filed a motion to dismiss plaintiff's Fifth Amendment claim, which was granted on June 24, 2009. On July 7, 2009, defendant AT&T filed its Answer and a motion to dismiss plaintiff's trespass claim. Defendant AT&T is not in default.

Second, plaintiff has failed to follow the requirements for summary judgment as set forth in Rule 56 and D. Kan. Rule 56.1. Plaintiff has not set forth any properly supported statements of material facts and has failed to offer any legal authority or argument demonstrating that she is entitled to judgment as a matter of law. Based on the record before it, the court finds that plaintiff is not entitled to summary or default judgment. Therefore, plaintiff's Motion for Summary or Default Judgment is denied.

---

[1] All other claims against defendant AT&T have been dismissed (Doc. 161).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Summary or Default Judgment (Doc. 187) is denied.

Dated this 17th day of September 2009, at Kansas City, Kansas.

s/ Carlos Murgui
**CARLOS MURGUIA**
**United States District Judge**