IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA OLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 08-2126-CM |
| AT&T, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Pamela Olson ("Plaintiff") brings this action *pro se* against defendant AT&T ("defendant"), alleging a state-law trespass claim. This matter is currently pending before the court on Defendant AT&T Corp.'s Motion to Reconsider Order Denying AT&T Corp.'s Motion to Dismiss For Lack Of Subject Matter Jurisdiction (Doc. 197). For the following reasons, defendant's motion is denied.

**I. Factual Background**

Plaintiff filed this action on March 21, 2008, naming the following defendants: AT&T, the City of Lenexa, Veronica Gaignat Estate, Bernard Van de Velde, Rylie Equipment and Contracting Company, Allen Harmon, and Chris Caroll. Plaintiff asserted federal claims against each defendant. In addition to the federal claims, plaintiff also asserted a state-law trespass claim against defendant AT&T. Plaintiff's federal claims were dismissed at varying times throughout this case for lack of jurisdiction. On July 7, 2009, defendant AT&T filed a motion to dismiss plaintiff's state-law trespass claim. At the time the motion was filed, all of the federal claims and every defendant except defendant

-1-

AT&T had been dismissed. On September 17, 2009, the court denied defendant's motion, finding that, based on the face of plaintiff's complaint, the court had diversity jurisdiction over plaintiff's trespass claim (Doc. 192). Defendant requests that the court reconsider its prior ruling.

## II. Legal Standard

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505.

## III. Discussion

Defendant requests that the court reconsider its order to correct clear error or prevent manifest injustice, arguing: (1) the court erred in failing to "consider the citizenship of all of the defendants at the time the Complaint was filed, even if the claims against some of those defendants are now dismissed," (Def.'s Mot. 2−3), and (2) the court erred in finding that defendant is not a citizen of Kansas based on the allegations in plaintiff's complaint. Defendant also argues that, in the event there

is no diversity jurisdiction, the court cannot exercise supplemental jurisdiction over plaintiff's state law claim.

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). A court lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed. R. Civ. P. 12(h)(3)). "Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Id.* As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of establishing that such jurisdiction is proper. *Basso,* 495 F.2d at 909.

### A. *Improper Allegations of Diversity Jurisdiction*

Plaintiff filed this case *pro se*, using the court's *pro se* complaint form. As the record indicates, plaintiff has had a difficult time establishing defendant's address, residence, and citizenship. The jurisdiction section of plaintiff's complaint alleges that she is a citizen of the state of Kansas. It also alleges that the first-named defendant, which is AT&T, is "a corporation incorporated under the laws of the State of KS and having its principal place of business in a State other than the State of which plaintiff is a citizen." (Comp. ¶ II.A.2.b.) The caption lists defendant as "A.T. and T. ETAL 9716 – B Raynor– suit 145 Charlotte N.C. 28277." Plaintiff's complaint is confusing, but as a *pro se* litigant, the court construes her pleading liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)).

Defendant argues that this court does not have diversity jurisdiction because plaintiff alleges that defendant was incorporated in Kansas. Plaintiff's jurisdictional allegations are inconsistent and confusing. She specifically alleges diversity jurisdiction, but then makes allegations negating such

jurisdiction. In her response to the motion, she appears to be attempting to clarify, or amend, her allegations regarding defendant's citizenship—"[t]he court did not error on diversity of AT&T Corp. as they are clearly a national and international corporation and in no way can be considered a citizen of Kansas only." (Pl.'s Resp. 1.) Notably, defendant has not informed the court whether it is in fact incorporated in the state of Kansas, and there is no record evidence to suggest that diversity does not exist.

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This statute allows plaintiff to amend her complaint to properly allege diversity jurisdiction, if, in fact, the parties are diverse. *See Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309 (10th Cir. 2007) ("Section 1653 permits amendment of 'incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.'") (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)); *see, e.g., Wire v. Hussman*, No. 03 C 5389, 2004 WL 723845, at *8 (N.D. Ill. Mar. 31, 2004). Because the court cannot determine whether the parties are actually diverse—it appears plaintiff may have improperly asserted diversity jurisdiction or erroneously alleged defendant's citizenship—the court will allow her an opportunity to amend her complaint to allege defendant's correct citizenship under 28 U.S.C. § 1653. To assert diversity jurisdiction, plaintiff must allege the correct state of incorporation and principle place of business of defendant at the time her original complaint was filed.

### B. *The Rule that Diversity is Determined at the Time of Filing*

Defendant contends that the court does not have diversity jurisdiction over plaintiff's trespass claim because the allegations in plaintiff's complaint assert that every defendant is a resident of the state of Kansas. Defendant argues that whether diversity jurisdiction exists is determined at the time the complaint is filed and that where, as here, some defendants are diverse and others are not, the

involuntary dismissal of nondiverse parties does not create diversity jurisdiction over the remaining diverse party.

The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. *Newman-Green, Inc.*, 490 U.S. at 830. "While the 'time of filing' rule is absolute, there are a few exceptions." *Amazon, Inc. v. Cannondale Corp.*, Nos. 99 CV 00571 EWN PAC, 00 CV 02063 EWN PAC, 2006 WL 650682, at *9 (D. Colo. Mar. 10, 2006) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996)). One such exception is that "the court may cure a jurisdictional defect by dismissing a non-diverse party at any time, even after judgment has been rendered." *Id*. (citations omitted). This exception applies when the nondiverse party is dismissed pursuant to Federal Rule of Civil Procedure 21. Of course, here, the nondiverse defendants were not dismissed pursuant to Rule 21—the claims against them were dismissed for lack of jurisdiction pursuant to each defendant's motion to dismiss. But this distinction does not negate the exception. As the court held in *Wire*, there is "no reason why the principle allowing a court to cure the absence of complete diversity by dismissal should be limited exclusively to dismissals pursuant to Rule 21." *Id*. at *4.

In *Wire*, the plaintiff erroneously alleged the citizenship of two of the defendants and improperly alleged diversity jurisdiction.[1] *Id*. at *1. At the time the complaint was filed, diversity jurisdiction did not exist. *Id*. Subsequently, the parties' citizenship was determined and the nondiverse party was dismissed pursuant to a settlement. *Id*. Retaining jurisdiction, the court held that it had diversity jurisdiction because the nondiverse parties had been dismissed from the case. *Id*. at *4. Similarly, the court in *Amazon*, found that an order entering default judgment and dismissing the nondiverse party was "the quintessential example of the exception to the 'time-of-filing' rule." 2006 WL 650682, at *9. Here, the nondiverse defendants have been dismissed. Assuming plaintiff amends

---

[1] The complaint alleged that the plaintiffs were domiciled in California and Illinois and that all of the defendants were domiciled in Illinois.

her complaint pursuant to 28 U.S.C. § 1653 and complete diversity exists between plaintiff and defendant AT&T, this court has diversity jurisdiction.

Defendant cites multiple cases holding that involuntary dismissal of nondiverse parties does not create diversity jurisdiction over the remaining diverse party in the removal context. *See, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992). The *Poulos* court explained the rationale behind the rule:

> The voluntary/involuntary rule serves two purposes. First, the rule contributes to judicial economy. Removal following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court. *Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38, 40 n.2 (2d Cir. 1980). We are anxious to avoid this sort of yo-yo effect. Second, some courts have invoked a general principle of deference to the plaintiff's choice of forum. Allowing removal only when the plaintiff voluntarily dismisses a defendant ensures that the plaintiff will not be forced out of state court without his consent.

959 F.2d at 72 (internal citations omitted).

This, however, is not a removal case. And the concerns behind the voluntary/involuntary rule are not at issue here. First, plaintiff originally brought her claims in federal court—negating any concern that plaintiff was forced out of state court. Second, this court had federal question jurisdiction over plaintiff's claims against the nondiverse parties, as well as the Fifth Amendment claim against defendant AT&T. Plaintiff may appeal the dismissal of the nondiverse parties in federal court. Success on appeal would lead to the reinstatement of the federal claims and this court would have supplemental jurisdiction over plaintiff's state-law trespass claim—negating any concern about the yo-yo effect. The facts of this case are analogous to those in *Amazon* and *Wire*. Accordingly, the court finds that it did not err in denying defendant's motion to dismiss despite the fact that plaintiff originally alleged claims against diverse and nondiverse defendants.

### C. Supplemental Jurisdiction

Federal district courts have supplemental jurisdiction over state law claims that are part of the "same case or controversy" as federal claims. 28 U.S.C. § 1367(a). "[W]hen a district court dismisses the federal claims, leaving only the supplemental state claims, the most common response has been to dismiss the state claim or claims without prejudice." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (quotation marks, alterations, and citation omitted). That said, whether to assert supplemental jurisdiction is within the court's discretion. *Brinkman v. State Dept. of Corr.*, 863 F. Supp. 1479, 1488 (D. Kan. 1994). The court should exercise its discretion to try state law claims in the absence of any federal claims only where judicial economy, convenience, and fairness would be served. *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). If the parties have already expended "'a great deal of time and energy on the state law claims,' it is appropriate for the 'district court to retain supplemented state claims after dismissing all federal questions.'" *Villalpando v. Denver Health & Hosp. Auth.*, No. 01-1450, 2003 WL 1870993, at *5 (10th Cir. Apr. 14, 2003) (quoting *Botefuhr*, 309 F.3d at 1273). But district courts must bear in mind that "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters.*, 902 F.2d at 1478. Dismissal of a federal claim for lack of jurisdiction "precludes a district court from exercising supplemental jurisdiction over related state claims." *Barragan v. St. Catherine Hosp.*, 339 F. Supp. 2d 1141, 1143 n.1 (D. Kan. 2004) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996)).

Here, the court dismissed the federal claims for lack of jurisdiction. Thus, the court cannot exercise supplemental jurisdiction over plaintiff's state law claims. Moreover, exercising supplemental jurisdiction over plaintiff's remaining claim would not serve judicial economy, convenience, or fairness. Although this case has been pending for over a year, it remains in the early

stages of litigation. For these reasons the court declines to exercise supplemental jurisdiction over plaintiff's common law conversion claim.

### D. Conclusion

Plaintiff shall file an Amended Complaint on or before January 4, 2010 properly alleging diversity jurisdiction. To assert diversity jurisdiction under 28 U.S.C. § 1332, plaintiff must properly allege the state of incorporation and the principle place of business of defendant AT&T at the time of the filing of the original complaint. This will be plaintiff's only opportunity to amend her diversity jurisdiction allegations. If plaintiff's Amended Complaint does not, on its face, properly allege diversity jurisdiction, this action will be dismissed for lack of jurisdiction without further notice.

The Amended Complaint shall not name the dismissed parties or claims. Those parties and claims have been dismissed on the merits and are no longer a party to this action.

**IT IS THEREFORE ORDERED** that Defendant AT&T Corp.'s Motion to Reconsider Order Denying AT&T Corp.'s Motion to Dismiss For Lack Of Subject Matter Jurisdiction (Doc. 197) is denied.

**IT IS THEREFORE ORDERED that plaintiff shall file an Amended Complaint on or before January 4, 2010 properly alleging diversity jurisdiction. This will be plaintiff's only opportunity to amend her diversity jurisdiction allegations. <u>If plaintiff's Amended Complaint does not, on its face, properly allege diversity jurisdiction, this action will be dismissed for lack of jurisdiction without further notice.</u>**

Dated this 30th day of November 2009, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**