**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PAMELA OLSON,

        Plaintiff,

                                          CIVIL ACTION

v.

                                          Case No: 08-2126-GLR

AT & T CORP.,

        Defendant.

**MEMORANDUM AND ORDER**

Among other pending motions, the Court has before it the following: Plaintiff's Motion on Diversity of Defendant (doc. 231), Motion on Diversity (doc. 242), and Motion for Issuance of Summons (doc. 243). Plaintiff apparently has filed them in response to the Court's Memorandum and Order of November 30, 2009 (doc. 225). It ordered her to file an amended complaint to properly allege diversity jurisdiction under 28 U.S.C. § 1332 by "properly alleg[ing] the state of incorporation and the principle place of business of defendant AT&T at the time of the filing of the original complaint."[1] The order further provided that failure of such amended complaint to properly allege diversity jurisdiction would result in dismissal of this action for lack of jurisdiction.

**I.    Factual Background**

The Court notes the history of this litigation: Proceeding *pro se* and *in forma pauperis*, Plaintiff filed her complaint on March 21, 2008 against the following defendants: A.T. and T., the City of Lenexa, Veronica Gaignat Estate, Bernard Van de Velde, Rylie Equipment and Contracting Company, Allen Harmon, and Chris Caroll. Plaintiff asserted federal claims against each defendant.

---

[1] Nov. 30, 2009 Mem. & Order (doc. 225), p. 8.

Plaintiff also asserted a state law claim for trespass against defendant A.T. and T. She alleges that, on July 25, 2006 and thereafter, defendant A.T. and T. entered her property, two vacant lots next to her residence in Lenexa, Kansas, without legal right, and bored underground lines. She complains that such conduct has made her property worthless for building.

The complaint alleges that Plaintiff is a citizen of the state of Kansas. It also alleges that defendant A. T. and T. is "a corporation incorporated under the laws of the State of KS and having its principal place of business in a State other than the State of which plaintiff is a citizen."[2] The caption lists defendant as "A.T. and T." and its address as "9716 – B Raynor– suit 145, Charlotte, N.C. 28277."

The Process Receipt and Return for defendant AT&T, filed May 7, 2008 (doc. 42), reflects that the United States Marshal attempted to serve defendant AT&T by certified mail at the address listed in the complaint. The Process Receipt and Return states that the summons and complaint were returned unexecuted. They were sent via certified mail to the address provided by Plaintiff, but they were not delivered. The United States Postal Service returned them on May 5, 2008 as "Attempted – Not Known."

On December 11, 2008, the Court ruled on several dispositive motions including Plaintiff's Motion for Summary Judgment against AT&T Corporation.[3] It denied the motion and ordered Plaintiff to show cause in writing why her claims against defendant AT&T should not be dismissed for failure to prosecute based her failure to accomplish service within 120 days under Fed. R. Civ. P. 4(m). On December 18, 2008, Plaintiff filed a notice of appeal of the Court's order. Despite the

---

[2] Comp. (doc.1) ¶ II.A.2.b.

[3] Dec. 11, 2008 Mem. & Order (doc. 84).

2

pending appeal, the parties continued to file motions and pleadings in this Court. On January 6, 2009, a Process Receipt and Return (doc. 97) was filed, indicating that defendant "AT&T Corporation Company, Inc." was served via certified mail on December 31, 2008. Sometime after December 31, 2008, Plaintiff received a letter from Linda McBride at CT Corporation, returning the summons unexecuted (doc. 96-2). Realizing defendant AT&T was not served, Plaintiff filed a Motion for Issuance of Summons (doc. 96) on January 6, 2009, requesting service on defendant "AT&T Corp." at "515 S. Kansas Ave., Topeka, KS 66603." On March 6, 2009, the Tenth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction (doc. 117), conferring jurisdiction back to this Court.

On April 13, 2009, the Court granted Plaintiff's Motion for Issuance of Summons and gave her until April 20, 2009 to amend her motion or to submit any additional information for service on defendant AT&T (doc. 125). After Plaintiff filed an amended motion with additional information for issuance of summons as to defendant AT&T (doc. 127), the Court ordered the clerk's office to serve summons on defendant AT&T at the address listed in Plaintiff's amended motion (doc. 128). The summons was returned executed by certified mail, addressed to "AT&T Corp., 515 Kansas Ave., Topeka, KS 66603," on April 27, 2009 (doc. 135).

On July 7, 2009, defendant AT&T Corp. filed its answer (doc. 170). It also filed a motion to dismiss the trespass claim for lack of subject matter jurisdiction. At that point the Court had already dismissed all the federal claims and every defendant from this action, except defendant AT&T Corp. On September 17, 2009, the Court denied the motion to dismiss. Based upon the allegations of the complaint, the Court ruled that diversity jurisdiction does exist over the claim of trespass. Defendant moved to reconsider that ruling. On November 30, 2009, the Court entered its

3

Memorandum and Order (doc. 225), finding no error in denying the prior motion to dismiss. It thus denied the motion for reconsideration. Noting that the jurisdictional allegations as to defendant AT&T Corp. had nevertheless been inconsistent and confusing throughout the case, the Court gave Plaintiff until January 4, 2010 to amend her complaint to allege the correct state of incorporation and principal place of business for Defendant at the time her original complaint was filed. The Memorandum and Order (doc. 225) further cautioned:

> This will be plaintiff's only opportunity to amend her diversity jurisdiction allegations. If plaintiff's Amended Complaint does not, on its face, properly allege diversity jurisdiction, this action will be dismissed for lack of jurisdiction without further notice.[4]

Plaintiff did not file an Amended Complaint by January 4, 2010. Instead, she filed the motions here under consideration. She obviously attempts thereby to comply with the Memorandum and Order of November 30, 2009.

## II. Whether Plaintiff has sufficiently complied with the Memorandum and Order of November 30, 2009 to allege diversity jurisdiction

Plaintiff states in her Motion on Diversity of Defendant (doc. 231) that:

> [T]here is diversity with AT&T Corp. as their main office is at 1 AT&T-Way, Bedminster, New Jersey 07921, and their home state is New York. If [defense counsel] keeps stating it was Southwestern Bell they are registered out of Texas so both are diverse. . . . This is to amend my original complaint to enclose this new address.

Plaintiff then filed her Motion on Diversity (doc. 242). It states that:

> [D]iversity is in New Jersey as AT&T Corp. is a part of an umbrella of AT&T. There are nine AT&T Corp.'s in this umbrella with it[]s headquarters at 1 AT&T, Bedminister, New Jersey with the state of organizing is Delaware. This is the best diversity plaintiff could get from the secretary of state's office.

---

[4] Nov. 30, 2009 Mem. & Order (doc. 225).

Obviously Plaintiff has not strictly complied with the Memorandum and Order of November 30, 2009. She has not filed an amended complaint that includes her allegations of trespass and damages, as well as those that show diversity jurisdiction. The Court must determine, therefore, how strictly the rules of pleading should apply in this instance to a *pro se* plaintiff. In her motions she has alleged facts to show diversity. The Court interprets them as reflecting an obvious intent to comply with its order.

Federal Rule of Civil Procedure 8(e) requires that pleadings "be construed so as to do justice." A *pro se* complaint is to be liberally construed and "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."[5] Thus, if a court can " reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[6] This does not mean that the district court should assume the role of advocate for the pro se litigant.[7]

In response to the Memorandum and Order of November 30, 2009, Plaintiff did not file a pleading in the form of an amended complaint. She instead filed two motions. They simply set forth what she alleges to be the state of incorporation and principal place of business for defendant AT&T Corp. Based upon the less stringent pleading standards afforded to *pro se* litigants and the

---

[5]*Erickson v. Pardus*, 550 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

[6]*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*Id.*

requirement that pleadings "be construed so as to do justice,"[8] the Court first examines these allegations to determine if Plaintiff has met her burden to plead diversity jurisdiction. Her motions allege that defendant AT&T Corp. is a Delaware corporation with its principal place of business in New Jersey. Her pro se complaint alleges Plaintiff is a citizen and resident of Kansas. If the motions and the complaint are construed together, Plaintiff has alleged that the parties are diverse for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332.

Fed. R. Civ. P. 1 provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Following this directive and if reasonably possible, the Court construes and applies the rules of procedure so as to resolve claims upon their substantive merit, rather than upon procedural defects or irregularities. In this instance, to comply with the Memorandum and Order of November 30, 2009, Plaintiff should have filed a pleading, entitled "Amended Complaint," repeating the allegations of her original complaint, at least as to the remaining defendant AT&T Corp., and including the allegations of diversity set forth in either or both of her motions about diversity. She has not done that. Instead of a single document, she has put them in separate documents. Yet, as already noted, the Court finds that her intent is obvious. It finds no difficulty in combining the allegations to constitute a sufficiency of pleading. It finds no prejudice to Defendant by the irregularity of pleading. Accordingly, the Court finds that Plaintiff has adequately complied with the Memorandum and Order of November 30, 2009. It determines, therefore, that it has jurisdiction over the subject matter of her claim for trespass against defendant AT&T Corp.

---

[8] Fed. R. Civ. P. 8(e).

**III. Motion for Issuance of Summons.**

Plaintiff has also filed a Motion for Issuance of Summons (doc. 243). It asks the Court to issue a summons to "AT&T Communications - East Inc., One AT&T Way, Bedminister, New Jersey 07921. . . ." The Court denies that motion for the following reasons: First, Plaintiff has not filed any pleading that asserts a claim for relief against an entity designated as "AT&T Communications - East Inc." The only remaining defendant in this case appears to be AT&T Corp.

Second, although Defendant AT&T Corp. has appropriately objected to subject matter jurisdiction, it does not challenge either the adequacy of service of process or personal jurisdiction. It concedes that it was served with process.[9] Its answer (doc. 170) to the complaint, moreover, asserts no objection to personal jurisdiction or to the adequacy of process or service of process, only to subject matter jurisdiction. The parties have thus shown no need for another round of process to be served either upon the Defendant or upon a non-party "AT&T Communications-East Inc." The Court otherwise finds no such need.

IT IS THEREFORE ORDERED THAT Plaintiff's allegations in her Complaint, together with the allegations of diversity set forth in her motions, suffice to assert diversity jurisdiction under 28 U.S.C. § 1332 and to comply with Fed. R. Civ. P. 8(a) and with the Memorandum and Order of November 30, 2009 (doc. 225).

IT IS FURTHER ORDERED THAT Plaintiff's Motion on Diversity of Defendant (doc. 231) and Motion on Diversity (doc. 242) are deemed moot as motions but shall nevertheless operate as allegations to supplement and amend the complaint and thus constitute sufficient compliance with the Memorandum and Order of November 30, 2009.

---

[9] *See* Def. AT&T Corp.'s Res. to Pl.'s Mot. for Summ. J. (doc. 188).

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Issuance of Summons to "AT&T Communications - East Inc." (doc. 243) is denied.

Dated in Kansas City, Kansas on this 29th day of March 2010.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge