IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA OLSON,

        Plaintiff,

v.

AT & T CORP.,

        Defendant.

CIVIL ACTION

Case No: 08-2126-GLR

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Sanctions for Failure to Attend and Give Deposition (doc. 215) filed by former defendants Estate of Veronica Gaignat and Estate of Bernard Van de Velde ("Estate Defendants"). Pursuant to Fed. R. Civ. P. 30(d)(2) and 37(a)(5) and (d)(1), the Estate Defendants seek sanctions against *pro se* Plaintiff in the amount of at least $918.30 caused by her failure to attend her October 30, 2009 deposition by walking out before it started without justification or excuse. For the reasons set forth below, the motion is denied.

On October 13, 2009, defendant AT&T Corp. served a Notice of Deposition Duces Tecum on Plaintiff, setting her deposition for October 30, 2009 at the offices of Defendant's counsel in Overland Park, Kansas.[1] Counsel for the Estate Defendants contacted counsel for defendant AT&T to advise of his intent to attend Plaintiff's deposition. The Court previously, on December 12, 2008, had granted the Estate Defendants' motion to dismiss for lack of subject matter jurisdiction and dismissed Plaintiff's Fifth Amendment claims against them.[2]

---

[1] *See* Def.'s Notice of Dep. Duces Tecum of Pamela Olson (doc. 206).

[2] *See* Dec. 12, 2008 Mem. & Order (doc. 84), p. 7-8.

On October 30, 2009, Plaintiff and her father showed up for the scheduled deposition. Before the deposition started, Plaintiff objected to the presence of the Estate Defendants' counsel, stating she would end the deposition if he remained. Counsel for defendant AT&T Corp. explained that counsel for a party had a right to attend the deposition and requested that Plaintiff make her objections on the record. As the court reporter came on the record, Plaintiff walked out of the deposition.

Federal Rule of Civil Procedure 37(d) provides that the court "may, on motion, order sanctions if a party . . . fails, after being served with proper notice, to appear for that person's deposition."[3] Sanctions for a party's failure to appear for deposition may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), such as taking facts as established, striking answers or defenses, precluding the introduction of evidence, striking out pleadings, dismissal, judgment by default, or holding a party in contempt. Instead of or in addition to these sanctions, Rule 37(d)(3) provides for the payment of expenses and attorney's fees caused by the failure. It provides that:

> the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.[4]

Whether to impose sanctions under Rule 37 addresses the discretion of the court.[5] "In considering the imposition of sanctions, the court must consider on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions

---

[3] Fed. R. Civ. P. 37(d)(1)(A)(i).

[4] Fed. R. Civ. P. 37(d)(3).

[5] *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

2

inappropriate."[6]

In this case the Court finds that the circumstances surrounding the deposition make an award of expenses under Rule 37(d)(3) unjust. At the time of the scheduled deposition, the Estate Defendants, who are requesting sanctions, had been dismissed from the action. Assuming *arguendo* that, as former parties, they had a right to be present or ask questions, there is no indication that *pro se* Plaintiff had any notice that counsel for the Estate Defendants intended to attend her deposition. Principles of fundamental fairness require that a party to be deposed should not be subject to sanctions under Rule 37(d)(1)(A)(i) by former parties, absent some notice of their intent to attend the deposition. Notice of a former party's intent to attend the deposition would avoid unfair surprise and would provide the party to be deposed an opportunity at least to seek a protective order under Fed. R. Civ. P. 26(c)(1)(E) against such attendance. In addition, this is not the case where Plaintiff simply failed to appear. She did appear at the scheduled time and place for her deposition. She voiced her objection to the presence of counsel for the Estate Defendants. She then left. In *Continental Coal, Inc. v. Cunningham*,[7] Magistrate Judge Sebelius denied the plaintiff's motion for sanctions where one of the defendants appeared for his deposition, but refused to answer any questions until he could retain new counsel to represent him. The court found under a plain reading Rule 37(d) was "clearly inapplicable"; the defendant, although uncooperative, was physically present at his deposition.[8] It noted that other courts had uniformly held the Rule is not applicable

---

[6]*Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 646 (D. Kan. 1999) (citations omitted). *See also* D. Kan. Rule 11.1(c) ("In considering sanctions, the court may consider whether a party's failure was substantially justified or whether other circumstances make sanctions inappropriate").

[7]No. 06-2122-KHV, 2007 WL 4322203, at *1-2 (D. Kan. Dec. 6, 2007).

[8]*Id.* at *1.

when a party is physically present at his deposition, even if he refuses to answer questions.[9]

Under the circumstances presented here, where the *pro se* plaintiff physically appeared for her scheduled deposition and the sanctions are sought by a former party who had been dismissed from the case, the Court finds an award of expenses under Fed. R. Civ. P. 37(d)(3) would be unjust.

IT IS THEREFORE ORDERED THAT the Estate Defendants' Motion for Sanctions for Failure to Attend and Give Deposition (doc. 215) is denied, as set forth herein.

Dated in Kansas City, Kansas on this 29th day of April 2010.

>s/ Gerald L. Rushfelt
>Gerald L. Rushfelt
>United States Magistrate Judge

---

[9] *Id.* (citing *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 n. 2 (1st Cir. 1991); *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975); *Stevens v. Greyhound Lines, Inc.*, 710 F .2d 1224, 1228 (7th Cir. 1983); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994); *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995); *SEC v. Am. Beryllium & Oil Corp.*, 303 F. Supp. 912, 920 (S.D.N.Y. 1969)).