# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PAMELA OLSON,

        Plaintiff,

                                                      CIVIL ACTION

v.

                                                      Case No: 08-2126-GLR

AT & T CORP.,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff, proceeding *pro se*, has asserted a state-law trespass claim, alleging that Defendant illegally entered her property, a vacant two lots next to her residence in Lenexa, Kansas, and bored underground lines that made the property worthless for building. This matter is before the Court on Plaintiff's Motion for Summary Judgment (doc. 221). In her one-page motion Plaintiff asks for "summary judgment of at least $100,000 or whatever this honorable judge feels just and right and for an order that AT&T Corp. remove their lines from plaintiff's property." She requests summary judgement for the following reasons: "(1) [Defendant] on October 30th, 2009 put another line through the middle of my property without notice, easement or eminent domain. (2) AT&T Corp. had their flags to mark the line although another contractor out of Missouri to bury it." For the following reasons, the Court denies the motion.

Under Federal Rule of Civil Procedure 56(c)(2), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law."[1] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[2] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim,"[3] or it "could have an effect on the outcome of the lawsuit."[4] A dispute over a material fact is "genuine" only if a rational jury could find in favor of the nonmoving party on the evidence presented.[5]

Recognizing that Plaintiff is proceeding *pro se*, the Court must construe her motion more liberally and hold it to a less stringent standard than formal pleadings or papers drafted by lawyers.[6] "Courts must take added precautions before ruling on a motion for summary judgment when a pro se litigant is involved . . . especially when enforcing these [technical] requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits."[7] Nevertheless, *pro se* litigants still bear responsibility for developing the factual bases of their requests for relief, and it is neither necessary nor appropriate for the court to act as an advocate for a *pro se* party.[8] The court

---

[1] Fed. R. Civ. P. 56(c)(2).

[2] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[3] *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[4] *Terra Venture, Inc. v. JDN Real Estate Overland Park, L.P.*, 443 F.3d 1240, 1243 (10th Cir. 2006) (quoting *Sports Unlimited, Inc. v. Lankford Enters., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002)).

[5] *Id.*

[6] *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

[7] *Hass v. U.S. Air Force*, 848 F. Supp. 926, 929 (D. Kan. 1994) (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985)).

[8] *Hall*, 935 F.2d at 1110.

will not construct arguments or theories for a *pro se* plaintiff in the absence of any discussion of those issues.[9] Although a *pro se* plaintiff's pleadings are to be liberally construed, the *pro se* status does not relieve the litigant's obligation to comply with procedural rules.[10]

Initially the Court notes that Plaintiff's motion fails to comply with D. Kan. Rule 56.1. That rule sets forth requirements for motions for summary judgment. It requires the moving party to (1) file a memorandum in support of a motion for summary judgment, and (2) begin the memorandum in support with "a concise statement of material facts as to which the party contends no genuine issue exists. The facts . . . shall refer with particularity to those portions of the record upon which movant relies."[11] Upon a motion for summary judgment, all facts upon which it is based "must be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories, and responses to requests for admission."[12]

Plaintiff has filed no memorandum in support of her motion. Nor has she presented any affidavit, declaration, or reference to the pleadings, depositions, answers to interrogatories or response to requests for admission in support of the two factual allegations set forth in her motion.

In addition to the procedural defects, Plaintiff has not shown that summary judgment is appropriate on her claim of trespass. She has failed to show, based on the pleadings, the discovery and disclosure materials, that there is no genuine issue as to any material fact and that she is entitled

---

[9]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[10]*Murray v. City of Tahlequah, Okla.,* 312 F.3d 1196, 1199 n. 3 (10th Cir. 2002).

[11]D. Kan. Rule 56.1(a).

[12]D. Kan. Rule 56.1(d).

to judgment as a matter of law on her trespass claim.[13] To establish a claim for trespass under Kansas law, a plaintiff must prove that the defendant entered or remained upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise.[14] To support her claim of trespass, therefore, Plaintiff must demonstrate that she possesses or has rights to the land at issue. She must also show by evidence that the employees or agents of Defendant intentionally entered upon her land without her consent, or alternatively that Defendant intentionally caused a third person to enter the land without her consent. Finally, she must establish that Defendant had no privilege to enter upon her land.

Plaintiff's motion for summary judgment consists of two factual allegations, for which she provides no supporting affidavit, deposition, admission, or other evidence. First, she states that Defendant, on October 30th, 2009, put another line through the middle of her property without notice, easement or eminent domain. Second, she states that Defendant had their flags to mark the line although another contractor out of Missouri buried it. The Court finds that these allegations do not suffice to establish the required elements for a claim of trespass. Specifically, Plaintiff has neither offered evidence nor referred to any evidence in the record to support her bare statements. She has not shown that defendant AT&T Corp. intentionally and without consent or privilege entered onto her property or that it caused a third person to do so. A party may not rely solely on bare, unsupported factual allegations as a basis for summary judgment.[15] Accordingly, Plaintiff's

---

[13]Fed. R. Civ. P. 56(c)(2).

[14]*Riddle Quarries, Inc. v. Thompson*, 177 Kan. 307, 311, 279 P.2d 266, 269 (1955) (citing Restatement (Torts) § 158).

[15]*Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings.").

4

motion for summary judgment must be denied.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Summary Judgment (doc. 221) is denied, as set forth herein.

Dated in Kansas City, Kansas on this 29th day of April 2010.

<u>s/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge