IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA OLSON,

          Plaintiff,

v.

                                       CIVIL ACTION

AT & T CORP.,                          Case No: 08-2126-GLR

          Defendant.

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant AT&T Corp.'s Motion for Summary Judgment (doc. 226). Defendant contends that it is entitled to summary judgment, pursuant to Fed. R. Civ. P. 56, on Plaintiff's sole remaining claim of trespass under state law. Defendant asserts it is not the entity that allegedly bored lines under or trespassed on the property of the Plaintiff. For the reasons set forth below, the Court grants the motion.

**I.    Facts**

Plaintiff, proceeding *pro se*, filed this action on March 21, 2008 against the following defendants: AT&T Corp., the City of Lenexa, Veronica Gaignat Estate, Bernard Van de Velde, Rylie Equipment and Contracting Company, Allen Harmon, and Chris Caroll. Plaintiff asserted federal claims against each defendant. The Court has dismissed all of the federal claims for lack of jurisdiction. Her one remaining claim is for trespass, pursuant to Kansas law, against defendant AT&T Corp. Plaintiff alleges that on July 25, 2006, and continuing thereafter Defendant entered her property, a vacant two lots next to her residence in Lenexa, Kansas, without legal right and bored underground lines, thereby making the property worthless for building.

In its memorandum in support of its motion for summary judgment, Defendant offers the following statement of uncontroverted material facts:

Plaintiff asserts her ownership of two vacant lots, located at or near 9108 Pflumm Road, Lenexa, Kansas (the "Property").[1] She claims that defendant AT&T Corp. trespassed on the Property and bored underground lines.[2] AT&T Corp. does not have or own any telephone lines or facilities on or next to the Property.[3] The closest telephone lines owned by AT&T Corp. are approximately 1000 feet to the west of the Property, running due north and south along a pipeline easement.[4] AT&T Corp. has not performed any work on or next to the Property or entered into any agreement with any subcontractor to perform boring or any other work on or next to the Property.[5] Any telephone lines or facilities on or adjacent to the Property are owned by Southwestern Bell Telephone Company d/b/a AT&T Kansas ("SWBT").[6]

SWBT regularly hires contractors to perform excavation on its behalf.[7] Prior to performing work for SWBT, contractors must obtain the necessary permits in order to perform such work.[8] The

---

[1] Pretrial Order (doc. 217), ¶ 5(a).

[2] *Id.*

[3] Aff. of P.J. McDermott, Ex. A to Def. AT&T Corp.'s Mot. for Summ. J. (doc. 226-1), ¶ 4.

[4] *Id.*

[5] *Id.* at ¶ 5.

[6] *Id.* at ¶ 6.

[7] Decl. of Ronald E. Powell, Ex. C to Def. AT&T Corp.'s Mot. for Summ. J. (doc. 226-3), ¶ 3.

[8] *Id.*

excavation work performed near the Property was performed by Rylie Equipment and Contracting Company on behalf of SWBT.[9] The City of Lenexa Public Street Right of Way Excavation Permit for the excavation work performed near the Property was obtained by Rylie Equipment and Contracting Company on behalf of SWBT.[10] Vehicles owned by SWBT are branded with the AT&T logo for purposes of advertising the AT&T brand.[11] The AT&T logo is not an indication of the actual legal entity that owns these vehicles.[12]

## II.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[13] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[14] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim,"[15] or it

---

[9] *Id.* at ¶ 4.

[10] *Id.*

[11] Decl. of Kevin J. Hollander, Ex. B to Def. AT&T Corp.'s Mot. for Summ. J. (doc. 226-2), ¶ 3.

[12] *Id.*

[13] Fed. R. Civ. P. 56(c)(2).

[14] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[15] *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"could have an effect on the outcome of the lawsuit."[16] A dispute over a material fact is "genuine" only if a rational jury could find in favor of the nonmoving party on the evidence presented.[17]

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[18] In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[19] "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[20] Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial.[21]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[22] Federal Rule of Civil Procedure 56(e)(2) specifically addresses an opposing party's obligation to respond to a properly made and

---

[16]*Terra Venture, Inc. v. JDN Real Estate Overland Park, L.P.*, 443 F.3d 1240, 1243 (10th Cir. 2006) (quoting *Sports Unlimited, Inc. v. Lankford Enters., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002)).

[17]*Id.*

[18]*Id.* at 670-71.

[19]*Id.* at 671.

[20]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[21]*Id.* at 323.

[22]*Anderson*, 477 U.S. at 256.

supported summary judgment motion. It provides that an opposing party "may not rely merely on allegations or denials in its own pleading; rather, its <u>response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial</u>. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."[23]

## III. Whether Defendant is Entitled to Summary Judgment on Plaintiff's Trespass Claim

In ruling on a motion for summary judgment, the court should accept as true all material facts asserted and properly supported in the summary judgment motion.[24] Defendant attaches an affidavit and two declarations in support of its motion for summary judgment. Exhibit A is the Affidavit of P.J. McDermott, an Outside Plant Engineering and Construction Manager for AT&T Corp. Mr. McDermott states in his affidavit dated November 24, 2009 that he is responsible for building and maintaining certain portions of the long distance network of AT&T Corp. for several states, including Kansas. He also states in his Affidavit that:

> AT&T Corp. does not have or own any telephone lines or facilities within 1000 feet of the two vacant lots located at or next to 9108 Pflumm Road, Lenexa, Kansas ("Property"), including the existing 15-foot alley on the north side of the Property or any of the right-of-ways or utility easements located adjacent to the Property. The closest AT&T Corp. telephone lines are located approximately 1000 feet to the west of the Property, running due north and south along a pipeline easement.
>
> AT&T Corp. has not performed any work on or near the Property, or entered into any agreement with any subcontractor to perform any boring or other work on or near the Property.
>
> Any telephone lines or facilities located next to the Property would be owned by Southwestern Bell Telephone Company d/b/a AT&T Kansas, not AT&T Corp.[25]

---

[23]Fed. R. Civ. P. 56(e)(2) (underscoring added).

[24]*Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[25]Ex. A to Def. AT&T Corp.'s Mot. for Summ. J. (doc. 226-1).

5

Exhibit B to the motion and memorandum is the Declaration of Kevin J. Hollander, currently employed as Director-Fleet Support Services for AT&T Services, Inc. He has the responsibility for its Fleet Operations call center, vehicle acquisition and disposition, vehicle licensing and fuel management. He states in his Declaration that "[m]any of the vehicles operated within the State of Kansas are owned by Southwestern Bell Telephone Company d/b/a AT&T Kansas. These vehicles are branded with the AT&T logo for purposes of advising the AT&T brand. The AT&T logo is not an indication of the actual name of the legal entity that owns these vehicles."[26]

Defendant has also attached as Exhibit C to its motion and memorandum the Declaration of Ronald Powell. Mr. Powell is employed by Southwestern Bell Telephone Company d/b/a AT&T Kansas as an Area Manager-Construction & Engineering. He states that SWBT regularly hires contractors to perform excavation on its behalf. Prior to performing such work, contractors are required to obtain the necessary permits. He further states that the City of Lenexa Public Street Right of Way Excavation Permit "was obtained on behalf of SWBT by Rylie Equipment and Contracting Company for purposes of performing excavation work for SWBT."[27]

Both the Declaration of Kevin J. Hollander and that of Ronald Powell are made under penalty of perjury, pursuant to 28 U.S.C. § 1746. The Court must therefore accept them as evidence the same as affidavits. The declarations thus constitute evidentiary support for the factual contentions that AT&T Corp. does not have or own any telephone lines or facilities on or next to the Property and that it has not performed any work or entered into any agreement with any subcontractor to perform boring or any other work on or next to the Property. Defendant has further

---

[26]Ex. B to Def. AT&T Corp.'s Mot. for Summ. J. (doc. 226-2).

[27]Ex. C to Def. AT&T Corp.'s Mot. for Summ. J. (doc. 226-3).

supported its factual statement by evidence that any telephone lines or facilities on or adjacent to the Property are owned by SWBT. It has also shown that the excavation permit issued by the City of Lenexa Public Street Right of Way for the Property was obtained on behalf of SWBT by Rylie Equipment and Contracting Company for the purpose of excavation work for SWBT.

The statements in the affidavit and declarations submitted by defendant AT&T Corp. thus establish a *prima facie* showing "of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[28] Defendant has thus sufficiently shown the lack of evidence for an essential element of Plaintiff's trespass claim. Its evidence shows that, if a trespass occurred, it was not by Defendant AT&T Corp. This is not simply a denial by Defendant, but also an affirmative showing of who indeed did commit the entry of which Plaintiff complains. Accordingly, Defendant has satisfied its initial burden under Rule 56(c).

Because Defendant has thus made a *prima facie* showing under Rule 56(c), the burden shifts to Plaintiff, the non-moving party, to "set out specific facts showing a genuine issue for trial."[29] In opposing a properly made and supported motion for summary judgment, Plaintiff "may not rely merely on allegations or denials in its own pleading; rather, its <u>response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial</u>."[30]

In addition to Fed. R. Civ. P. 56, the District of Kansas Rules provide that all material facts set forth in the statement of the moving party "<u>will be deemed admitted for the purpose of summary</u>

---

[28]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex*, 477 U.S. at 322-23).

[29]Fed R. Civ. P. 56(e)(2).

[30]*Id.* (underscoring added).

<u>judgment unless specifically controverted by the statement of the opposing party</u>."[31] District of Kansas Rule 56.1(b)(1) requires that a memorandum in opposition to a motion for summary judgment contain a "concise statement of material facts as to which the party contends a genuine issue exists." For each fact in dispute, the opposing party must refer with particularity to those portions of the record upon which it relies.[32]

Plaintiff thus had the burden to set forth specific facts to show a genuine issue of material fact for trial. Having the burden to establish the elements of her claim for trespass, she had to provide proof that indeed defendant AT&T Corp. entered or remained upon her land without a privilege to do so created by the possessor's consent or otherwise.[33] In order to further pursue her claim for trespass, therefore, Plaintiff must have provided factual evidence sufficient to show that a genuine issues exists as to whether it was Defendant, through its employees, agents, or third parties, who intentionally entered upon her land without consent or privilege. Defendant AT&T Corp. has produced an affidavit and two declarations in support of its contention that it is not the entity that allegedly trespassed on and bored lines under her property. The affidavit and declarations indicate that Defendant has neither performed work on or near the property, nor entered into any agreement with a subcontractor to do so.

Defendant contends that Plaintiff has named the wrong defendant and should have sued another entity, Southwestern Bell Telephone Company d/b/a AT&T Kansas. Other than alleging

---

[31] D. Kan. Rule 56.1(a) (underscoring added).

[32] D. Kan. Rule 56.1(b)(1).

[33] *Riddle Quarries, Inc. v. Thompson*, 177 Kan. 307, 311, 279 P.2d 266, 269 (1955) (citing Restatement (Torts) § 158).

in her unsworn motion that Defendant's statements are "completely untruthful,"[34] Plaintiff has pointed to no evidence to show that defendant AT&T Corp. was the entity who entered onto her property and bored lines under it. Nor has she provided any evidence to refute that AT&T Corp. was not the entity who entered onto her property and bored lines under it. She thus has not demonstrated the existence of any genuine issue of fact with respect to who entered upon her property without a privilege to do so.[35] Plaintiff has the burden to prove that it was AT&T Corp.'s employees or agents who entered onto and bored lines under her property. Absent such showing, defendant AT&T Corp. is entitled to judgment as a matter of law on the claim of trespass. The Court accepts as her sincere belief and opinion that the affidavit and declarations of Defendant are "completely untruthful." But a good faith opinion or belief does not substitute for sworn testimony or other admissible evidence. The Court thus finds that Plaintiff has failed to establish the existence of an essential element to her claim. She has failed to show that it was Defendant who entered or caused a third party to enter onto her property and bore lines under it. She has failed to controvert Defendant's statements that it has not performed any work on or next to her property and has not entered any agreement with any subcontractor to perform boring or any other work on or next to the Property. Plaintiff has failed to meet her burden under Fed. R. Civ. P. 56(e) to "set forth specific facts showing that there is a genuine issue for trial" concerning her claim that it was defendant AT&T Corp., either through its employees, agents, or subcontractors, that entered onto her property. She has thus failed to establish an essential element of her claim of trespass. Defendant is therefore entitled to judgment as a matter of law on the claim of trespass.

---

[34]Pl.'s Mot. Opposing Summ. J. (doc. 235), p. 1.

[35]*Id.*

Plaintiff has continued to ask the Court to recognize her difficulty and limited resources as a *pro se* Plaintiff. The Court has recognized and considered those circumstances. That does not change the result, however, of its ruling and order upon the pending motion. In addition to what has been set forth in this order, the Court will simply add the following explanation for whatever clarity it may provide:

Were the claim of Plaintiff to proceed to trial, she would bear the burden of proof to show by admissible evidence, pursuant to the Federal Rules of Evidence, that a trespass occurred upon her property and that the defendant she has sued, AT&T Corp., committed it. As an alternative before trial, the Federal Rules of Civil Procedure allow for the procedure of summary judgment. That procedure allows the parties to ask the Court to determine in advance of trial whether or not the plaintiff has sufficient evidence to submit the case to the trier of fact — in this instance to a jury. If plaintiff fails to produce the minimum evidence necessary to prove the case, when the evidence upon the motion properly challenges it, then the Court must order summary judgment for the defendant. And in that event the case does not engage further time and expense of the parties and an empaneled jury and the Court for what would then be useless litigation.

In most cases, as here, the plaintiff carries the burden to have sued the party who committed the alleged offense. The Court cannot order judgment against a party when the proof is lacking as to that party. In the instant case the Court cannot assume that AT&T Corp. committed a trespass, simply because Plaintiff believes it did. Nor can it alter the law because Plaintiff is *pro se*. Plaintiff has elsewhere asserted that a truck with an inscription or logo of AT&T was at the site when the alleged trespass occurred. The evidence provided by Defendant in support of its motion explains how that would have happened, i.e., with a truck of Southwestern Bell Telephone Co. d/b/a/ AT&T

Kansas. Plaintiff apparently believes Defendant and its witnesses are lying. But she has submitted no evidence from which the Court could arrive at such a conclusion. The evidence submitted by Defendant further suggests that the identifying information has been obtainable from the City of Lenexa, Kansas. The Court would assume that Plaintiff could also have obtained this evidence from the City, either through her own investigation or by discovery procedures.

As already noted and for all the foregoing reasons, the Court grants the motion of Defendant for summary judgment.

IT IS THEREFORE ORDERED THAT Defendant AT&T Corp.'s Motion for Summary Judgment (doc. 226) is granted, as set forth herein.

IT IS FURTHER ORDERED THAT Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37(b) or, Alternatively, Motion to Compel Pursuant to Rule 37(a) (doc. 224) and Plaintiff's Motion for Immediate Injunction (doc. 198) are denied as moot.

Dated in Kansas City, Kansas on this 29th day of April 2010.

s/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge