IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA OLSON,

        Plaintiff,

v.                                CIVIL ACTION

A T & T CORP.,

                                  No: 08-2126-GLR

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Set Aside Memorandum and Order (ECF No. 253) and Motion to Bring Chris Carroll Back into Suit Because of Civil Fraud (ECF No. 256). Plaintiff first asks the Court to reconsider or set aside its Memorandum and Order of April 29, 2010, which granted Defendant's motion for summary judgment against her claim for trespass under state law. Her second motion asks the Court to bring back formerly-dismissed defendant Chris Carroll. The motions are denied.

**I    Factual and Procedural Background**

Proceeding *pro se*, Plaintiff filed this action on March 21, 2008, against the following defendants: AT&T Corp., the City of Lenexa, Veronica Gaignat Estate, Bernard Van de Velde, Rylie Equipment and Contracting Company, Allen Harmon, and Chris Carroll. Plaintiff asserted federal claims against each defendant. The Court dismissed all of her federal claims for lack of subject-matter jurisdiction. The claim against defendant Chris Carroll for alleged violation of rights under the Fifth Amendment was dismissed for lack of subject-matter jurisdiction on April 13, 2009 (ECF No. 123).

In addition to the federal claims, Plaintiff asserted a claim for trespass under state law against

defendant AT&T Corp. She alleged that on July 25, 2006, and continuing thereafter, Defendant AT&T Corp. entered her property, a vacant two lots next to her residence in Lenexa, Kansas, without legal right, and bored underground lines, making the property worthless for building.

On April 29, 2010, the Court granted Defendant AT&T Corp.'s Motion for Summary Judgment against the claim of trespass. The Court found that Plaintiff failed to establish the existence of an essential element to that claim, specifically that it was Defendant AT&T Corp. who entered or caused a third party to enter onto her property and bore lines under it. Plaintiff failed to controvert Defendant's statements that it has not performed any work on or next to her property and has not entered any agreement with any subcontractor to perform boring or any other work on or next to the property.

## II.     Motion to Set Aside Memorandum and Order (ECF No. 253)

Plaintiff asks the Court to reconsider or set aside its Memorandum and Order of April 29, 2010, which granted summary judgment on her claim of trespass. She seeks reconsideration based upon documents that purportedly show that AT&T Corp. was "at all times the party in this case and that Rylie Equipment and Contracting Company made their contract with AT&T Services Inc."

In opposition, Defendant AT&T Corp. asks the Court to treat the motion as seeking relief from judgment under Fed. R. Civ. P. 60, and to deny it because it simply rehashes the same allegations, conclusions, and arguments Plaintiff already asserted in her various pleadings in this case. Defendant contends that Plaintiff has made no argument that could be construed as a basis to set aside the order and judgment previously entered.

Although the Federal Rules of Civil Procedure do not recognize motions for reconsideration,[1] the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(a). It provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[2] Thus, a litigant subject to an adverse judgment must file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b).

Plaintiff does not indicate in her motion whether she is invoking Federal Rule of Civil Procedure 59 or 60. If a motion is filed within twenty-eight days of the judgment, then the court normally treats it as a Rule 59(e) motion to alter or amend the judgment.[3] If filed more than twenty-eight days after entry of judgment, the court must treat it as a Rule 60(b) motion for relief from judgment.[4]

Plaintiff filed her motion within twenty-eight days of the judgment. It is therefore timely filed as a motion to alter or amend judgment under Rule 59(e). It is also timely filed under Rule 60(c)(1).[5] The Court will alternatively consider it as filed pursuant to either Rule 59(e) or 60(b).

---

[1] *Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[2] D. Kan. Rule 7.3(a).

[3] *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[4] *See Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1181 (10th Cir. 2000) (untimely motion to alter or amend construed as a motion for relief under Rule 60(b)).

[5] *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

**A.     Motion to Alter or Amend Pursuant to Fed. R. Civ. P.  59(e)**

Under Rule 59(e), a party seeking to alter or amend a judgment must establish one of the following:  (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.[6]  A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.[7] It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[8]  If a party is seeking to alter or amend a judgment based on new evidence, it must show that the evidence is newly discovered and, if it was available at the time of the challenged decision, that a diligent yet unsuccessful effort was made to discover the evidence.[9]  The new evidence also must be material.[10]  Whether to grant a Rule 59(e) motion is within the court's discretion.[11]

Construing her pleadings liberally and aware that she proceeds *pro se*, the Court finds that Plaintiff has nevertheless failed to show any of the three grounds for altering or amending a judgment, pursuant to Rule 59(e).  She has shown no intervening change in controlling law.  Nor has she shown any new evidence previously unavailable.  Plaintiff attaches six documents to her

---

[6]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[7]*Id.*

[8]*Id.*

[9]*Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

[10]*See Smith v. United States,* No. 06-3061-JTM, 2008 WL 1735190, at *1-2 (D. Kan. Apr. 10, 2008) (court denied relief under Rule 59(e) because the allegedly new evidence was not material).

[11]*Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997).

motion. She does not identify or discuss them in her motion. The first three appear to be Kansas business entity searches for the following entities: AT&T Communications - East, Inc., AT&T Network Procurement LP, and Southwestern Bell Communications, Inc. The next two documents appear to be signature pages of an agreement between Rylie Equipment & Contracting Company ("Rylie") and SBC Services, Inc. and an agreement between Rylie and AT&T Services, Inc. The sixth document appears to be an excavation permit, issued by the City of Lenexa to Rylie.

The Court finds that all these documents were available to Plaintiff before Defendant's motion for summary judgment was filed and briefed. She could have filed them in opposition to the motion. She failed to do so. Were the Court to consider the six documents as new evidence previously unavailable, Plaintiff has yet failed to explain how they are material to her motion for summary judgment.

Plaintiff has also failed to show a need to correct clear error or prevent manifest injustice. In its motion for summary judgment, Defendant met its initial burden to demonstrate that Plaintiff could not establish an essential element of her claim for trespass. Specifically it showed the lack of any evidence that Defendant AT&T Corp. was a party or entity who entered or caused a third party to enter onto her property and bore lines under it. Defendant produced an affidavit and two declarations to support its contention that it was not the entity that allegedly trespassed on and bored lines under the property. The affidavit and declarations indicated that Defendant AT&T Corp. had neither performed work on or near the property, nor entered into agreement with any subcontractor to perform any boring or other work on or near the property.

After Defendant met its initial burden, Plaintiff then had the burden to set forth sufficient facts to establish that a genuine issues exists as to whether Defendant AT&T Corp., through its

employees, agents, or third parties, intentionally entered upon her land without consent or privilege. She failed to set forth sufficient facts to establish a genuine issue. She now attaches documents that purportedly would have established that it was Defendant AT&T Corp., through its employees, agents, or third parties, who intentionally entered upon her land without consent or privilege. The documents upon which she relies, however, would not have controverted Defendant's statement, supported by affidavit and declarations, that Defendant AT&T Corp. had neither performed any work on or near Plaintiff's property, nor entered into an agreement with any subcontractor to perform any boring or other work on or near the property.

Plaintiff has not established the existence of any new evidence that was previously unavailable at the time Defendant filed its motion for summary judgment. Nor has she shown the existence of an intervening change in controlling law or any need to correct clear error or prevent manifest injustice. As Plaintiff has not shown any of the grounds for altering or amending a judgment pursuant to Rule 59(e), she is not entitled to relief under that Rule.

**B.     Motion for Relief for Judgment or Order Pursuant to Fed. R. Civ. P. 60(b)**

Federal Rule of Civil Procedure 60(b) permits the court to relieve a party from a final judgment, order, or proceedings for certain reasons. Those reasons include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[12]

"[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."[13] It has been described as "an extraordinary procedure which seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts."[14]

In her motion, Plaintiff alleges that Defendant's attorneys have been untruthful to the Court and that some unidentified person submitted false affidavits. Based on these allegations, the Court will consider Plaintiff's motion to be requesting relief either under Rule 60(b)(3), (b)(6), or (d)(3). Rule 60(b)(3) relief is based upon fraud, misrepresentation or misconduct by the adverse party, while Rule 60(b)(6) is for any other reason that would justify relief.[15] Finally, relief under Rule 60(d)(3) is available to set aside a judgment for fraud on the court.

### 1. Fraud, misrepresentation, or misconduct under Fed. R. Civ. P. 60(b)(3)

Motions for relief from judgment because of fraud, misrepresentation or misconduct of an adverse party under Rule 60(b)(3) are subject to a heightened standard.[16] Under this standard, regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by

---

[12] Fed. R. Civ. P. 60(b)(1)-(6).

[13] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[14] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (internal quotations and emphasis omitted).

[15] *See Van Skiver,* 952 F.2d at 1244 ("The most favorable consideration that can be given to plaintiffs' motion, in light of their pro se status is to treat it as one made under either Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") or Rule 60(b)(6) ("any other reason justifying relief") (internal citations omitted)).

[16] *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1290-92 (10th Cir. 2005).

adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation.[17] This requires a showing of clear and convincing proof of fraud, misrepresentation, or misconduct.[18] Moreover, the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.[19] It requires a showing "that one has acted with an intent to deceive or defraud, by means of a deliberately planned and carefully executed scheme."[20] When there is no showing of intent, mere facts of misrepresentation are not enough to constitute fraud on the court.[21] "Rule 60(b) relief is not available to allow a party merely to reargue issues previously addressed by the court."[22]

Plaintiff is not entitled to relief under this section. First, her motion for reconsideration is based entirely on vague and general allegations that Defendant's attorneys have been untruthful to the Court. She has provided no specific instances of this alleged untruthfulness. Nor has she substantiated any of her allegations. Her general and unsupported allegations do not provide the Court with clear and convincing evidence that any fraud, misconduct, or misrepresentation occurred. Instead, she merely re-hashes arguments previously presented and which the court has considered and rejected. She also fails to make any showing that Defendant acted with an intent to defraud or deceive the Court. Plaintiff is therefore not entitled to relief under Rule 60(b)(3).

---

[17]*Id.* at 1290.

[18]*Id.*

[19]*Id.*

[20]*Id.* (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)).

[21]*United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002).

[22]*Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

8

### 2. Other grounds for relief under Fed. R. Civ. P. 60(b)(6)

Pursuant to Rule 60(b)(6), on motion and upon just terms, a court may relieve a party from a final judgment, order, or proceeding for "any other reason justifying relief." The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."[23] This court, however, "may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice."[24] Such extraordinary circumstances exist, for example, when, "after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[25] Rule 60(b)(6) relief is even more difficult to attain than relief under the other sections of rule 60(b).[26]

Plaintiff's generalized grounds for relief, i.e., that Defendant's attorneys have been untruthful to the Court and that some unidentified person submitted false affidavits, do not constitute extraordinary circumstances for which relief from the final order is necessary to accomplish justice and address inequity. The Court cannot grant relief to Plaintiff under Rule 60(b)(6).

### 3. Fraud on the court under Fed. R. Civ. P. 60(d)(3)

A final alternative basis for relief under Rule 60(d)(3) is commonly referred to as fraud on the court. A Rule 60(d)(3) motion for fraud on the court is an allegation of "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false

---

[23]*Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996).

[24]*Id.*

[25]*Id.* (citing *Zimmerman v. Quinn*, 744 F.2d 81, 82-83 (10th Cir. 1984) and *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1081 (10th Cir. 1996) as illustrative examples).

[26]*Yapp*, 186 F.3d at 1232.

9

statements or perjury."[27] Fraud on the court is where the impartial functions of the court have been directly corrupted.[28] Generally, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.[29] Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.[30] Intent to defraud is an "absolute prerequisite" to a finding of fraud on the court.[31] Fraud on the court must be shown by "clear and convincing evidence."[32]

Plaintiff's general assertions that Defendant's attorneys have been untruthful to the Court and that some unidentified person submitted false affidavits simply do not rise to the level that is required by case law to show fraud on the court. Plaintiff has substantiated none of her allegations. Moreover, as noted above, fraud between the parties, fraudulent documents, and false statements do not satisfy the standard to show fraud upon the court. Plaintiff is not entitled to relief under Rule 60(d)(3). Plaintiff's Motion to Set Aside Memorandum and Order is therefore denied.

### III. Motion to Bring Back Dismissed Party (ECF No. 256)

Plaintiff has also filed a motion asking the Court to bring a dismissed party, Chris Carroll, back into this case because of his alleged "fraud, misrepresentation, untruthfulness, and outright lies

---

[27]*Buck,* 281 F.3d at 1342.

[28]*Id.*

[29]*Zurich*, 426 F.3d at 1291 (citing *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996)).

[30]*Id.*

[31]*Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).

[32]*Buck*, 281 F.3d at 1342.

10

to the court on who he worked for." She also alleges that Defendant's attorneys "have to be in on the scheme to be untruthful" and have entered false affidavits.

Defendant Chris Carroll opposes the motion. He argues that it is untimely, filed approximately sixteen months after the Court dismissed Plaintiff's Fifth Amendment takings claim for lack of subject-matter jurisdiction. He also points out that the motion was filed almost four months after final judgment was entered in this case and that Plaintiff has not perfected any appeal. Addressing the substance of her motion, he denies that he is an employee of AT&T Corp. and argues that the identity of his employer has nothing to do with the reason for which Plaintiff's claim was dismissed.

Plaintiff filed her present motion more than twenty-eight days after the Court dismissed Chris Carroll from the case. The Court construes her motion, therefore, as filed under Fed. R. Civ. P. 60(b)(3), (b)(6), or (d)(3). Under these Rules, Plaintiff must, by clear and convincing proof, substantiate her claims of fraud, misconduct, or misrepresentation.[33] She must also show intent to deceive or defraud.[34] Plaintiff asks that Chris Carroll be brought back into the case because of his alleged fraud, misrepresentation, untruthfulness, and outright lies to the court about the identity of his employer. She contends he worked for AT&T Corp. and attaches a newspaper clipping of a letter to the editor, signed by "Chris Carroll, AT&T External Affairs." She also alleges that the defense attorneys participated on the scheme to be untruthful and entered false affidavits.

Plaintiff has failed to convince the Court of any instances of misrepresentation, untruthfulness, or fraud upon the Court committed by Chris Carroll or the attorneys in this case. Her

---

[33]*Zurich,* 426 F.3d at 1290.

[34]*Id.*

sole support for her allegations of misrepresentation and fraud upon the court is a photocopy of a letter to the editor of the Kansas City Star newspaper, signed by "Chris Carroll, AT&T External Affairs." Accepting this letter as what it purports to be and that it is signed by the same Chris Carroll who was formerly a defendant in this case, the Court does not see how this proves that Chris Carroll misrepresented the identity of his employer or how this would justify vacating the order dismissing Plaintiff's claims against him for lack of subject-matter jurisdiction. Plaintiff has not shown any grounds for relief from judgment pursuant to Rules 60(b)(3), (b)(6), or (d)(3). Accordingly, Plaintiff's Motion to Bring Chris Carroll Back into Suit Because of Civil Fraud is denied.

## VI. Conclusion.

In addressing the claim of any litigant, be it Plaintiff or someone else, the Court can rule only upon those issues over which it has jurisdiction. It has only the limited jurisdiction and power that the Constitution and laws of the United States accord to it. It may not assume power or jurisdiction simply to reach out and haul in persons or entities against whom a claim has not been legally stated or who are not before the Court. Nor may the Court assume the power or jurisdiction to convert a claim for common law trespass into some other kind of claim, be it for fraud or other wrongful conduct, upon some generalized, accusation by a party. The Court recognizes that Plaintiff represents herself *pro se* and apparently lacks legal training and experience. The Court has taken those considerations into account throughout this case. *Pro se* status of a litigant, however, does not allow the Court to ignore the basic requirements for asserting a claim or for exercising subject-matter jurisdiction. Having ruled upon the issues before it in this case, the Court expresses no opinion as to whether Plaintiff may or may not have a valid claim for trespass against someone other

than Defendant AT&T Corp. The Court simply emphasizes that such a claim has not been adequately presented to allow this Court to proceed with it. Nor does the Court find that either Defendant AT&T Corp., Chris Carroll, or defense counsel have committed any fraud upon the Court or other made any misrepresentation to the Court, as the motions of Plaintiff suggest. The Court rejects those suggestions.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Set Aside Memorandum and Order (ECF No. 253) and Motion to Bring Chris Carroll Back into Suit Because of Civil Fraud (ECF No. 256) are denied, as set forth herein.

Dated in Kansas City, Kansas on this 29th day of December 2010.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
